■ CHRISTOPHER MERRILL, Respondent, v JEFFREY MOULTRIE et al., Defendants, and CITY OF NEW YORK, Appellant.—Order of Supreme Court, Bronx County (Howard Silver, J.), entered January 11, 1990, granting petitioner's motion for an order to compromise and settle his claim nunc pro tunc, unanimously affirmed, without costs.

Petitioner, a New York City police officer, suffered injuries as the result of an auto accident while he was operating a New York City Police Department vehicle. Thereafter, he commenced an action against the owner and operator of the other vehicle. Petitioner was found eligible for workers' compensation benefits. On March 23, 1987, petitioner settled for the full amount of the insurance policy.

In order to preserve his rights to workers' compensation, a claimant settling a third-party action must either obtain written approval of the settlement from the payor of workers' compensation benefits or seek a compromise order from the court in which the third-party action is pending. (Workers' Compensation Law § 29 [5].) Such an order may be issued nunc pro tunc if the delay was not the result of plaintiff's neglect or fault and the carrier was not prejudiced. (Davison v Chemical Leaman Tank Lines, 136 AD2d 937.) The city has not been prejudiced by the delay; the settlement was for the full limit of the policy. While petitioner's papers for a compromise order reveal certain technical omissions, there was satisfactory compliance with the statutory requirement. (Matter of Spurling v Beach, 93 AD2d 306, lv denied 64 NY2d 605.) Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.