In the Matter of RICHARD McCAFFREY, Respondent, v JAMES L. LEWIS, INC., et al., Appellants, et al., Respondents. [639 NYS2d 526] —Cardona, P. J.

Petitioner, who was allegedly injured as a result of exposure to asbestos during the course of his employment as a pipefitter, settled his claim against Babcock & Wilcox, a boiler manufacturer, for $3,500. The settlement was apparently done in March

1989 without the consent of the workers' compensation carriers involved in petitioner's civil suits against approximately 30 manufacturers and distributors of asbestos products. This lack of consent was raised at a workers' compensation hearing in May 1989. In June 1989, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that consent was not necessary because none of the carriers accepted coverage of the case.

The case was continued and, in November 1992, a Workers' Compensation Board panel concluded that petitioner suffered from an "obstructive pulmonary process" that was causally related to asbestos exposure. In April 1994, after full Board review, the November 1992 decision was rescinded. The new decision concluded, *inter alia*, that further development of whether petitioner suffered from an asbestos-related lung disease was required. It was also determined that petitioner's failure to obtain the carriers' consent to the settlement with Babcock & Wilcox or to seek nunc pro tunc court approval barred him from receiving workers' compensation benefits "until such time that further evidence in [petitioner's] favor is submitted concerning this matter". In July 1994, petitioner commenced this proceeding requesting that the settlement with Babcock & Wilcox be approved nunc pro tunc. Petitioner also sought prospective approval of other proposed settlements. Supreme Court granted the petition prompting this appeal by the employer and certain of the carriers (hereinafter collectively referred to as respondents).

Initially, we reject respondents' contention that petitioner's application should be dismissed because it failed to comply with certain statutory requirements (*see*, Workers' Compensation Law § 29 [5]). Although there is a lack of technical compliance, most of the required information is contained in the record. As we have previously noted, "the Workers' Compensation Law should be liberally construed in favor of the employee and an overly legalistic approach thereto should be avoided" (*Matter of Spurling v Beach*, 93 AD2d 306, 308-309, *lv denied* 64 NY2d 605). We also reject respondents' claim that the delay in seeking court-ordered approval renders the matter untimely. The delay was not the result of petitioner's neglect (*see*, *Merrill v Moultrie*, 166 AD2d 392, *lv denied* 77 NY2d 804). The initial determination of the WCLJ in June 1989 that carrier consent was not required remained the law of the case until it was overturned by the Board in 1994. As a result of the Board's 1994 decision, petitioner promptly commenced this proceeding. Furthermore, respondents failed to demonstrate any prejudice (*see*, *supra*).

We likewise find no error in Supreme Court's granting the nunc pro tunc order or in approving the prospective settlements. Respondents have offered no evidence to dispute petitioner's assertion that he will be unable to prove causation with respect to all but one of the third-party defendants. As Supreme Court pointed out, the Board's 1994 decision indicated that there was a question as to whether petitioner was exposed to asbestos at prior job sites with previous employers. This also, supports petitioner's claim that he will not be able to meet his burden of proof against the peripheral manufacturers with whom he wishes to settle.

Respondents' remaining arguments have been considered and rejected as unpersuasive.

Mercure, Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.