■ James Severino, Respondent, v Liberty Mutual Insurance Company, Appellant, et al., Defendants. [657 NYS2d 114] —Cardona, P. J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 13, 1996 in Albany County, which, *inter alia*, granted plaintiff's application pursuant to Workers' Compensation Law § 29 (5) for approval, nunc pro tunc, of a personal injury settlement.

On February 28, 1988, plaintiff was seriously injured in an automobile accident while riding in a taxi en route to his job. He subsequently commenced a personal injury action against the taxi driver, the taxi company and Anthony Miuccio, the driver of the vehicle which collided with the taxi. Through discovery, it was determined that the only insurance coverage available was a $300,000 policy on the Miuccio vehicle and a $10,000 policy on the taxi.

Following the transfer of plaintiff's file to different counsel,

plaintiff filed a claim for workers' compensation benefits in April 1990. Various proceedings were conducted before the Workers' Compensation Board with respect to plaintiff's claim. In the spring of 1992 while these proceedings were still pending, plaintiff settled his personal injury action netting him the sum of $246,047.45.* Thereafter, the Board rendered a decision finding that plaintiff's claim was timely and that the incident occurred during the course of his employment. The Board remanded the matter for further development of the record on the issue of the carrier's consent to the settlement of the third-party action. In June 1994, the Court of Appeals handed down *Matter of Johnson v Buffalo & Erie County Private Indus. Council* (84 NY2d 13), which, *inter alia*, clarified the fact that the consent of the workers' compensation carrier with respect to third-party settlements is required in cases such as the subject one. Plaintiff thereafter made this application to Supreme Court requesting an order affirming that defendant, the carrier herein, had consented to the third-party settlement or, in the alternative, for a nunc pro tunc order approving the settlement. Supreme Court granted the nunc pro tunc order and defendant appeals.

We affirm. An application for a nunc pro tunc order approving a settlement must normally be made within three months of the date of the settlement. However, under the particular circumstances of this case, we conclude that Supreme Court appropriately exercised its discretion in approving the settlement (*see, Borrowman v Insurance Co.*, 198 AD2d 891). The settlement of the third-party action was certainly reasonable considering that plaintiff received nearly the full limits of both available insurance policies (*see, Merrill v Moultrie*, 166 AD2d 392, *lv denied* 77 NY2d 804). In view of this, as well as the fact that defendant was not prejudiced by plaintiff's delay in seeking approval, we decline to disturb Supreme Court's determination (*see, Borrowman v Insurance Co., supra*).

Mercure, Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* This amount represents the balance of $279,591 left on the Miuccio policy after $20,909 was paid to the injured taxi driver, plus $9,500 from the taxi's policy less counsel fees.