■ ANNETTE R. NEBLETT, Respondent, v REUBEN K. DAVIS et al., Respondents, and NEW YORK CITY DEPARTMENT OF CORRECTION, Nonparty Appellant. [688 NYS2d 610] —In an action to recover damages for personal injuries, the plaintiff's employer,

the New York City Department of Correction, appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 5, 1997, which granted the plaintiff's motion in lieu of a petition pursuant to Workers' Compensation Law § 29 permitting her to settle the action for $30,000.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in allowing the plaintiff to settle the action where such settlement was reasonable in view of the low probability that the plaintiff would be able to convince a jury that her alleged disability had been caused by the automobile accident (*see, e.g., Matter of McCaffrey v James L. Lewis, Inc.,* 225 AD2d 981, 983; *Matter of Volpe v Fireman's Fund Ins. Co.,* 54 Misc 2d 212). A court may approve a compromise order between a claimant for Workers' Compensation benefits and a defendant in a related action before the Workers' Compensation Board has determined the carrier's potential compensation liability (*see, Matter of Nachison v Phoenix of Hartford Ins. Co.,* 30 AD2d 499; *see also, Matter of Miller v Arrow Carriers Corp.,* 130 AD2d 279). There is no prejudice to the carrier because it retains the right to offset any future compensation benefits by the amount of the plaintiff's net recovery (*see, e.g., Matter of Parmelee v International Paper Co.,* 157 AD2d 878; *Matter of Durham v Barker Chem. Corp.,* 151 AD2d 887).

Although the plaintiff's treating physician did not submit an affidavit, the record contains a letter, as well as numerous reports and office records from him, containing most of the medical and treatment information required by Workers' Compensation Law § 29 (5) (*see, e.g., Matter of Spurling v Beach,* 93 AD2d 306, 308). O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.