■ In the Matter of ROBERT W. STIFFEN et al., Respondents, v CNA INSURANCE COMPANIES, Appellant, and CNA COMMERCIAL INSURANCE, Respondent. [723 NYS2d 569] —Mercure, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered February 2, 2000 in Albany County, which granted petitioners' application pursuant to Workers' Compensation Law § 29 (5) for approval, nunc pro tunc, of a personal injury settlement.

Petitioner Robert W. Stiffen (hereinafter petitioner) was injured in the course of his employment with Beltrone Construction Company on May 8, 1996 when the truck that he was driving was struck by a motor vehicle owned by Charles Newman and operated by Scott Macri. Workers' compensation benefits were paid by Beltrone's workers' compensation carrier, respondent CNA Insurance Companies (hereinafter the carrier), for petitioner's lost wages from May 8, 1996 to November 4, 1996, plus his medical expenses. In September 1996, petitioners commenced a third-party action against Newman. On May 12, 1997, petitioners settled that action for $25,000, the full amount of Newman's motor vehicle insurance coverage.

In June 1997, petitioner's physical condition deteriorated, causing him to leave his employment. Although the carrier was aware of the May 1997 settlement of the third-party action, compensation benefits were reinstated without objection and continued until August 1998, when the carrier's payments on petitioner's claim exceeded the statutory limit of $50,000. Although the carrier requested copies of petitioner's settlement papers in September 1998, it gave no indication that it was raising the issue of settlement without consent. On June 30, 1999, however, the carrier stated that it would not be able to give retroactive consent to the settlement.

In October 1999, petitioners commenced this proceeding pursuant to Workers' Compensation Law § 29 (5) for an order granting nunc pro tunc approval of petitioners' May 1997 settlement of their third-party action against Newman. The carrier opposed the petition on the grounds, among others, that it had received no contemporaneous notice of the settlement and that it had never consented to the settlement. Finding that petitioners' settlement of the third-party action for the full value of Newman's insurance coverage was reasonable and caused no prejudice to the carrier, Supreme Court granted the application. The carrier appeals.

We affirm. Pursuant to Workers' Compensation Law § 29 (5), a petitioner is authorized to settle a third-party lawsuit arising out of the same accident as his or her workers' compensation claim provided that the petitioner obtains either the carrier's prior consent to the settlement or the approval of the court in which the third-party action is or was pending, within three months after the case has been settled (see, *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19). The failure to obtain either the carrier's consent or court approval will bar the petitioner from further receipt of workers' compensation benefits (see, Workers' Compensation Law § 29 [5]). A judicial order may be obtained nunc pro tunc approving of a previously agreed-upon settlement, even in cases where the approval is sought more than three months after the date of the settlement, provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay (see, *Matter of Wilbur v Utica Mut. Co.*, 228 AD2d 928, 929).

In our view, petitioners satisfied all three requirements. Patently, the settlement of the third-party action for the full amount of the available insurance coverage at a time when

petitioner had returned to work and believed himself to have been fully recovered from his accident-related injuries was reasonable (*see, Severino v Liberty Mut. Ins. Co.*, 238 AD2d 837, 838; *Merrill v Moultrie*, 166 AD2d 392, *lv denied* 77 NY2d 804). Second, the record supports the conclusion that the carrier unwittingly lulled petitioners into believing that it was willing to waive petitioners' failure to obtain timely consent or court approval of the settlement, and petitioners brought the present application within a reasonable period of time after discovering their error. Finally, there appears to be no question that the carrier was at all times aware of all relevant facts and circumstances surrounding the settlement and petitioner's medical condition, and the record is devoid of evidence to support a finding that the carrier was prejudiced by the delay in obtaining court approval of the settlement.

Under the circumstances, we conclude that Supreme Court did not abuse its discretion in granting the application (*see, Severino v Liberty Mut. Ins. Co., supra*; cf., *Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897). The carrier's remaining contentions have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.