■ ANTHONY HARGROVE, Respondent, v BECOM REAL, INC., et al., Defendants, and GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [732 NYS2d 234] —In an action to recover damages for personal injuries, the Greater New York Mutual Insurance Company appeals from an order of the Supreme Court, Kings County (Held, J.), dated November 20, 2000, which granted the plaintiff's motion in lieu of a petition pursuant to Workers' Compensation Law § 29 (5) for judicial approval of the settlement of the action nunc pro tunc.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly granted the plaintiff's motion for judicial approval of the settlement of his personal injury action pursuant to Workers' Compensation Law § 29 (5). This statute permits an employee to settle a lawsuit arising out of the same accident as his or her Workers' Compensation claim for less than the amount of compensation he or she has received only if the employee has obtained written consent to the settlement from the compensation carrier, or, in the alternative, judicial approval within three months after the case has been settled (see, Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19; Matter of Stiffen v CNA Ins. Cos., 282 AD2d 991; Harosh v Diaz, 253 AD2d 850). The failure to obtain either the insurance carrier's consent or court approval will bar the employee from receiving further Workers' Compensation benefits (see, Matter of Johnson v Buffalo & Erie County Private Indus. Council, supra, at 19; Matter of Stiffen v CNA Ins. Cos., supra). However, a judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even where the approval is sought more than three months after the date of settlement, provided that the plaintiff can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the plaintiff's fault or neglect, and (3) the carrier was not prejudiced by the delay (see, Matter of Stiffen v CNA Ins. Cos., supra; Harosh v Diaz, supra; Baiano v Squires, 113 AD2d 732). Resolution of an application for judicial approval of a settlement pursuant to Workers' Compensation Law § 29 (5) is committed to the discretion of the Supreme Court (see, Matter of

*Hermance v Fireman's Fund Ins. Co.,* 265 AD2d 328; *Matter of Gilson v National Union Fire Ins. Co.,* 246 AD2d 897). Applying the relevant factors to the case at bar, the Supreme Court providently exercised its discretion in granting nunc pro tunc approval of the settlement *(see, Matter of Stiffen v CNA Ins. Cos., supra; Neblett v Davis,* 260 AD2d 559; *Matter of McCaffrey v James L. Lewis, Inc.,* 225 AD2d 981; *Matter of Spurling v Beach,* 93 AD2d 306). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.