■ Dawn M. DeRosa, as Executor of Donald DeRosa, Deceased, Respondent-Appellant, v Lisa J. Petrylak, as Administrator of the Estate of Mark Petrylak, Deceased, Defendant, and Aetna Casualty and Surety Company, Appellant-Respondent. [736 NYS2d 705] —Mercure, J. (1) Appeal from that part of an order of the Supreme Court (Rumsey, J.), entered October 14, 2000 in Broome County, which approved, nunc pro tunc, a third-party personal injury settlement, and (2) cross appeals from an order of said court, entered February

2, 2001 in Broome County, which declined to reduce the amount of an insurance lien against the settlement proceeds.

Donald DeRosa and Mark Petrylak were killed in an April 27, 1995 automobile accident that occurred while they were riding home together from work they had performed for their employer, Evans Plumbing & Heating Company. At that time, the car in which they traveled, which was being operated by Petrylak, crossed over the center line into the opposite lane and struck two oncoming vehicles. Plaintiff, who is DeRosa's widow, applied for workers' compensation death benefits, to be paid by defendant Aetna Casualty and Surety Company (hereinafter defendant), Evans' workers' compensation carrier. Defendant opposed the claim upon the ground that DeRosa's death did not occur in the course of his employment. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) agreed with defendant's position and disallowed the claim. On October 28, 1996, however, the Workers' Compensation Board rescinded the WCLJ's decision and reopened the case. Following development of the record and extensive testimony, on November 20, 1997, the WCLJ ruled that the two men were outside employees entitled to portal-to-portal coverage and that their deaths therefore occurred during the course of their employment. That decision was affirmed by the Board on June 17, 1999 and by this Court on November 9, 2000 (*Matter of DeRosa v Evans Plumbing & Heating Co.*, 277 AD2d 619, *lv dismissed* 96 NY2d 792).

During the pendency of her claim for workers' compensation death benefits, plaintiff was appointed executor of DeRosa's estate and, in that capacity, sought a third-party recovery from Petrylak's automobile insurance carrier, Metropolitan Property and Casualty Insurance Company. Metropolitan offered plaintiff its policy limit of $100,000 and, following Surrogate's Court's approval of the settlement on December 20, 1996, plaintiff executed a release in favor of Petrylak's estate. In January 1999, defendant first became aware that plaintiff may have entered into a third-party settlement. The following month, plaintiff's counsel advised defendant of the settlement but advanced the position that defendant had no lien or subrogation rights against the recovery pursuant to Workers' Compensation Law § 29 because Petrylak was DeRosa's fellow employee. At an April 27, 1999 Board hearing, defendant raised the issue of plaintiff's failure to obtain either defendant's prior consent or Supreme Court's approval of the settlement and subsequently refused to pay death benefits.

In October 1999, plaintiff commenced a proceeding in

Supreme Court for a determination of the applicability of Workers' Compensation Law § 29 and for nunc pro tunc approval of the third-party settlement. Supreme Court determined that Workers' Compensation Law § 29 did apply and that, although a proper showing had been made for nunc pro tunc approval, such approval could not be granted in a declaratory judgment action because a third-party action had not yet been commenced. Plaintiff therefore commenced this action against Petrylak's estate asserting the negligence claims that had already been settled in order to provide a jurisdictional predicate for court approval of the settlement. By order entered October 14, 2000, Supreme Court granted nunc pro tunc approval of the settlement. Defendant appeals. By subsequent order entered February 2, 2001, Supreme Court denied plaintiff's request that defendant's lien be reduced by the amount of her counsel fees incurred both in obtaining approval of the settlement and in prosecuting the claim for workers' compensation death benefits. Defendant appeals and plaintiff cross appeals from that order.*

Pursuant to Workers' Compensation Law § 29 (5), an employee or his dependent is authorized to settle a third-party lawsuit arising out of the same accident as a workers' compensation claim so long as he or she obtains the employer's or its workers' compensation carrier's advance written approval of the settlement or, alternatively, obtains a compromise order from the court in which the third-party action is pending within three months after the case has been settled (see, *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992; *Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 728-729). Although the failure to obtain either the carrier's consent or court approval will justify the discontinuance of workers' compensation benefits, "[a] judicial order may be obtained nunc pro tunc approving of a previously agreed-upon settlement, even in cases where the approval is sought more than three months after the date of the settlement, provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay" (*Matter of Stiffen v CNA Ins. Cos.*, *supra*, at 992).

In contesting Supreme Court's nunc pro tunc approval of the settlement in this case, defendant limits its analysis to the

---

* Plaintiff has since withdrawn her cross appeal and defendant's brief advances no contentions and seeks no relief with regard to the order entered February 2, 2001.

second of those provisos and asserts that plaintiff's delay in applying for the judicial order of approval was caused solely by her fault or neglect. We disagree. Contrary to defendant's assertion, plaintiff's excuses for the delay in seeking court approval are not limited to her own "misconstruction of the law" or defendant's failure to inquire about a third-party claim. To the contrary, the delay was primarily occasioned by plaintiff's well-justified belief, based on the express language of Workers' Compensation Law § 29, that defendant had no lien against the third-party recovery because DeRosa and Petrylak were fellow employees. As recognized by Supreme Court, because of the provision of Workers' Compensation Law § 29 (6) that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong *of another in the same employ * * *"* (emphasis supplied), "the need for consent was, if anything, uncertain." In addition, at the time of the third-party settlement, it did not appear that plaintiff would be entitled to receive workers' compensation death benefits. In fact, her entitlement to the benefits was by no means settled until our decision of November 9, 2000, nearly four years later.

Under all of the circumstances, we conclude that Supreme Court did not abuse its discretion in its nunc pro tunc approval of the third-party settlement.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.