■ In the Matter of PATRICIA A. SNYDER, Respondent, v CNA INSURANCE COMPANIES, Appellant, et al., Respondent. [807 NYS2d 482]—

Cardona, P.J. Appeal from an order of the Supreme Court (Connor, J.), entered October 15, 2004 in Columbia County, which granted petitioner's application pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of a personal injury settlement.

In January 1996, petitioner sustained injuries in a motor vehicle accident while working for her employer. Petitioner received workers' compensation benefits from her employer's insurance carrier, respondent CNA Insurance Companies (hereinafter respondent), as well as first-party benefits pursuant to the no-fault provisions of the Insurance Law. Thereafter, petitioner commenced a third-party negligence action against the driver of the other motor vehicle, which she settled for $32,500. However, petitioner failed to obtain consent of the settlement from respondent, as required pursuant to Workers' Compensation Law § 29 (5). Petitioner thereafter commenced this proceeding seeking, among other things, judicial approval, nunc pro tunc, of the third-party settlement. Supreme Court approved the settlement, however, this Court reversed on the basis that the supporting documentation was insufficient and we remitted the matter for further proceedings (306 AD2d 677, 678-679 [2003]). Following petitioner's submission of additional documentation, petitioner again sought judicial approval of the third-party settlement, which Supreme Court granted, prompting this appeal.

Supreme Court reviewed all the relevant factors in exercising its discretionary authority to grant petitioner's request. Notably, petitioner submitted evidence which suggested that it would have been difficult to prove that she had suffered a serious injury as a result of the accident. Furthermore, it is apparent that respondent suffered no prejudice from petitioner's delay in seeking approval (*see Neblett v Davis*, 260 AD2d 559, 560 [1999]). We note that an application for a nunc pro tunc order approving a third-party settlement must normally be made within three months of the settlement date (*see* Workers' Compensation Law § 29 [5]). Under all the circumstances herein, we, however, do not conclude that Supreme Court abused its broad discretion in approving this settlement (*see Severino v Liberty Mut. Ins. Co.*, 238 AD2d 837, 838 [1997]; *Borrowman v Insurance Co. of N. Am.*, 198 AD2d 891 [1993]).

Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.