■ In the Matter of JAMES COSGROVE, Respondent, v COUNTY OF ULSTER, Respondent. SPECIALTY RISK SERVICES, on Behalf of LUMBERMAN'S MUTUAL CASUALTY COMPANY, Appellant. [858 NYS2d 453]—

Peters, J.P. Appeal from an order of the Supreme Court (Ceresia Jr., J.), entered March 24, 2007 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Workers' Compensation Law § 29 (5), for approval, nunc pro tunc, of a personal injury settlement.

In January 2001, petitioner was injured in a work-related accident on property owned by respondent and thereafter began receiving workers' compensation benefits from his employer's insurance carrier. Petitioner also commenced a third-party tort action against respondent. Petitioner's counsel discussed the case with a representative of the carrier who agreed that, if possible, the action should be settled and that one third of a settlement would go to the carrier. In November 2003, the case was settled for $15,000. Petitioner's counsel spoke with the carrier's representative and requested information as to where and to whom the carrier's portion of the settlement should be sent. According to petitioner's counsel, the representative stated that he would get back to her with more information, yet neither the representative nor anyone associated with the carrier ever did respond.

In May 2006, a law firm representing the carrier contacted petitioner's counsel and requested an update on petitioner's third-party action. In response, petitioner's counsel informed the firm that the carrier had approved the settlement and agreed to a one-third share of the proceeds, but that the $5,000 check was never disbursed due to the carrier's failure to instruct as to the details of disbursement. Following the carrier's termination of his workers' compensation benefits, petitioner commenced this proceeding seeking judicial approval of the settlement nunc pro tunc. Supreme Court granted the requested approval and the carrier now appeals.

Workers' Compensation Law § 29 (5) permits an employee to settle a third-party action arising out of the same accident as a workers' compensation claim so long as he or she obtains the prior written consent to the settlement from the carrier or, alternatively, judicial approval of the settlement within three months after the case has been settled (*see Matter of Lautenschuetz v AP Greene Indus., Inc.*, 48 AD3d 948, 949 [2008]; *Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 728 [2001]). "Although the failure to obtain either the carrier's consent or court approval will justify the discontinuance of workers' compensation benefits, '[a] judicial order may be obtained nunc pro tunc approving of a previously agreed-upon settlement, even in cases where the approval is sought more than three months after the date of the settlement, provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay' " (*DeRosa v Petrylak*, 290 AD2d 596, 598 [2002], *lv dismissed and denied* 98 NY2d 643 [2002], quoting *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]; *see Matter of Taylor v Continental Ins. Co.*, 9 AD3d 657, 658 [2004]).

In our view, petitioner satisfied all three requirements. Regarding the delay in seeking judicial approval of the settlement, the oral approval of the settlement by the carrier's representative, the representative's assurance that further instruction as to the disbursement of the carrier's portion of the settlement would be forthcoming and the carrier's continued payment of workers' compensation benefits through 2006 lulled petitioner into reasonably believing that judicial approval of the settlement was unnecessary (*see Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 993; *compare Matter of Wilbur v Utica Mut. Co.*, 228 AD2d 928, 929 [1996]). Further, petitioner brought the present application within a reasonable time after being noti-

fied by the carrier that it was rejecting the terms of the settlement. Under these particular circumstances, we agree with Supreme Court's finding that the delay in seeking court approval of the settlement was due to the affirmative actions on the part of the carrier or its representative, rather than petitioner's own neglect (*see Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 993; *compare Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d at 729-730). Additionally, in light of respondent's viable defense to the tort action, the settlement was reasonable (*see Matter of Snyder v CNA Ins. Cos.*, 25 AD3d 1055, 1056 [2006]; *Matter of McCaffrey v James L. Lewis, Inc.*, 225 AD2d 981, 983 [1996]), and we discern no prejudice to the carrier as a result of the delay inasmuch as it retains the right to offset any future compensation benefits by the amount of petitioner's net recovery (*see Neblett v Davis*, 260 AD2d 559, 560 [1999]). "Since applications of this type are clearly directed to the discretion of the court" (*Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897, 898 [1998] [citation omitted]; *see Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d at 729) and we find no abuse of Supreme Court's discretion, the order must be affirmed.

Carpinello, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.