■ DALE SHUMSKI et al., Respondents, v DAVID M. LOYA et al., Defendants. EDWARDS SUPERSTORES et al., Nonparty Appellants. [868 NYS2d 66]—

In an action to recover damages for medical malpractice, etc., nonparties Edwards Superstores and First National Supermar-

kets appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered August 10, 2007, which granted the plaintiffs' motion pursuant to Workers' Compensation Law § 29 (5) for judicial approval of the voluntary discontinuance of the action, nunc pro tunc.

Ordered that the order is affirmed, with costs.

A motion for judicial approval pursuant to Workers' Compensation Law § 29 (5) is addressed to the sound discretion of the Supreme Court (*see Matter of Reynar v Village of Sloatsburg*, 17 AD3d 601, 602 [2005]; *Singh v Ross*, 12 AD3d 498 [2004]; *Zamfino v Furman*, 1 AD3d 591, 592 [2003]; *Matter of Banks v National Union Ins. Co.*, 304 AD2d 573 [2003]). Here, the plaintiffs successfully demonstrated that their delay in seeking judicial approval of their discontinuance of this medical malpractice action was based on their good faith, reasonable belief that the carrier's consent to the discontinuance already had been obtained or was unnecessary under the circumstances (*see generally Matter of Cosgrove v County of Ulster*, 51 AD3d 1326 [2008]; *DeRosa v Petrylak*, 290 AD2d 596 [2002]; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991 [2001]). Moreover, the plaintiffs established that the discontinuance of the action was reasonable given the complete lack of expert medical evidence to support it, and there is no discernible prejudice to the appellants as a result of the discontinuance (*see e.g. Matter of Snyder v CNA Ins. Cos.*, 25 AD3d 1055 [2006]). Accordingly, the Supreme Court providently exercised its broad discretion in approving the discontinuance (*see generally Matter of Reynar v Village of Sloatsburg*, 17 AD3d 601 [2005]; *Matter of Banks v National Union Ins. Co.*, 304 AD2d 573 [2003]). Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.