■ In the Matter of CHERYL JACKSON, Respondent, v CITY OF NEW YORK et al., Appellants. [896 NYS2d 361]—

In a proceeding pursuant to Workers' Compensation Law § 29 (5) to obtain judicial approval of a personal injury settlement nunc pro tunc, the City of New York, New York City Department of Education, and the Board of Education appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 5, 2009, which granted the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petition to approve the settlement of the petitioner's personal injury action nunc pro tunc pursuant to Workers' Compensation Law § 29 (5). Pursuant to that statute, an employee may settle a lawsuit arising out of the same incident as his or her Workers' Compensation claim for less than the amount of compensation he or she has received only if the employee has obtained written consent to the settlement from the compensation carrier, or, in the alternative, judicial approval within three months after the case has been settled (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *Hargrove v Becom Real*, 287 AD2d 598 [2001]; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001]; *Harosh v Diaz*, 253 AD2d 850, 851 [1998]). The failure to obtain either the insurance carrier's consent or court approval will bar the employee from receiving further Workers' Compensation benefits (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d at 19; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 992). However, a judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even where the application for approval is sought more than three months after the date of settlement, provided that the employee can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the employee's fault or neglect, and (3) the insurance carrier was not prejudiced by the delay (*see Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 992; *Harosh v Diaz*, 253 AD2d at 851; *Hargrove v Becom Real*, 287 AD2d at 598; *Baiano v Squires*, 113 AD2d 732, 734 [1985]).

Resolution of a petition for judicial approval of a settlement pursuant to Workers' Compensation Law § 29 (5) is committed to the sound discretion of the Supreme Court (*see Matter of Hermance v Fireman's Fund Ins. Co.*, 265 AD2d 328 [1999]; *Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897 [1998]). Applying the relevant factors to the case at bar, the Supreme Court providently exercised its discretion in granting

nunc pro tunc approval of the settlement (*see Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 993; *Neblett v Davis*, 260 AD2d 559, 560 [1999]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur. **[Prior Case History: 22 Misc 3d 1113(A), 2009 NY Slip Op 50108(U).]**