■ In the Matter of JOHN WOJCIECHOWSKI et al., Appellants, v FIRST CARDINAL, LLC, Respondent. [913 NYS2d 824]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hummel, J.), entered February 13, 2009 in Rensselaer County, which denied petitioners' application, in a proceeding pursuant to Workers' Compensation Law § 29 (5), for approval, nunc pro tunc, of a personal injury settlement.

Petitioner John Wojciechowski was injured in a work-related motor vehicle accident for which he received workers' compensation benefits and he (together with his spouse) also commenced a third-party negligence action against the driver of the other vehicle. The third-party action settled in August 2007 for the full policy amount of $50,000. However, petitioners did not obtain the consent of the workers' compensation carrier as required by Workers' Compensation Law § 29 (5) and, as a result, the carrier was permitted to suspend payments to Wojciechowski in May 2008. Petitioners applied in December 2008 for nunc pro tunc judicial approval of the third-party settlement. Supreme Court denied the application and petitioners appeal.

"[A] judicial order may be obtained nunc pro tunc approving of a previously agreed upon settlement . . . provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay" (*Matter of Cosgrove v County of Ulster*, 51 AD3d 1326, 1327 [2008] [internal quotation marks and citations omitted]; *see Matter of Lautenschuetz v AP Greene Indus., Inc.*, 48 AD3d 948, 950 [2008]; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]). Here, Supreme Court found that the settlement was reasonable and that the carrier was not prejudiced by the delay. The record fully supports Supreme Court's determination on these two factors and respondent does not dispute that determination. The sole remaining issue pertains to the reason for the delay. With respect to

that factor, petitioners' counsel explained that he ostensibly misunderstood Wojciechowski's workers' compensation counsel to have indicated that the carrier would not be asserting a lien. According to counsel, the delay after the benefits were suspended resulted, in part, from his being ill, causing him to fall behind on many matters as a solo practitioner, as well as difficulties he encountered in obtaining an affidavit from Wojciechowski's doctor. With reasonableness of the settlement and lack of prejudice clearly established, and noting that reasons similar to those set forth here have been found sufficient to permit nunc pro tunc relief (*see Jackson v City of New York*, 22 Misc 3d 1113[A], 2009 NY Slip Op 50108[U], *6 [2009], *affd* 70 AD3d 694 [2010]; *see also Oga v Loh*, 603 F Supp 1354, 1357 [SD NY 1985]), we conclude that the petition should have been granted.

Peters, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and petition granted.