■ DARLENE LINDBERG et al., Respondents, v WILLIAM L. ROSS, Defendant, and BENETECH, INC., Appellant. [964 NYS2d 677]—

Rose, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered June 26, 2012 in Chenango County, which granted plaintiffs' motion for approval, nunc pro tunc, of a personal injury settlement.

Plaintiff Darlene Lindberg (hereinafter plaintiff) was struck by a car driven by defendant while she was taking a walk during a layover between work assignments for her employer. She filed for workers' compensation benefits and also retained separate counsel to commence this third-party negligence action against defendant. Her workers' compensation claim was denied on the ground that her injury did not occur in the course of her employment and, in May 2010, a panel of the Workers' Compen-

sation Board affirmed the denial of her claim. On April 12, 2011, however, the full Workers' Compensation Board rescinded the panel's decision and returned the matter to the panel for further consideration. On April 19, 2011, plaintiff settled this action for $100,000, the full amount of defendant's insurance policy. Three days after the settlement, a Board panel issued a decision establishing plaintiff's case and remanding it for a hearing. The case was then restored to the hearing calendar in September 2011. Upon learning that the case had been restored, plaintiff's counsel in this action requested that Benetech, Inc., the workers' compensation carrier for plaintiff's employer, grant retroactive consent to the settlement. When Benetech denied the request, plaintiffs moved for court approval of the settlement pursuant to Workers' Compensation Law § 29 (5). Supreme Court granted the motion and Benetech appeals.

When, as here, court approval of a settlement is not sought within three months of the date of settlement, a plaintiff seeking a nunc pro tunc order must establish the reasonableness of the settlement, the lack of any fault or neglect in applying for approval and the lack of any prejudice to the carrier (see DeRosa v Petrylak, 290 AD2d 596, 598 [2002], lv dismissed and denied 98 NY2d 643 [2002]; Matter of Stiffen v CNA Ins. Cos., 282 AD2d 991, 992 [2001], lv denied 97 NY2d 612 [2002]). These determinations are directed to the discretion of the court (see Matter of Bernthon v Utica Mut. Ins. Co., 279 AD2d 728, 729 [2001]; Matter of Gilson v National Union Fire Ins. Co., 246 AD2d 897, 898 [1998]).

Under the circumstances here, we find no abuse of that discretion by Supreme Court in granting the motion. The settlement was reasonable considering that plaintiff received the full value of defendant's insurance policy (see Matter of Wojciechowski v First Cardinal, LLC, 79 AD3d 1487, 1488 [2010]; Matter of Stiffen v CNA Ins. Cos., 282 AD2d at 992-993; Severino v Liberty Mut. Ins. Co., 238 AD2d 837, 838 [1997]). The six-month delay in seeking approval was due to a justifiable belief that, at the time of settlement, plaintiff's claim for benefits had not yet been allowed and there was no lien against the third-party recovery (see DeRosa v Petrylak, 290 AD2d at 599). When plaintiff's workers' compensation claim was restored to the hearing calendar in September 2011, she sought approval from Benetech before any compensation benefits were awarded, and plaintiffs brought the present motion within two weeks after being notified by Benetech that it would not give its retroactive consent (see Matter of Cosgrove v County of Ulster, 51 AD3d 1326, 1327-1328 [2008]; Matter of Stiffen v CNA Ins. Cos., 282

AD2d at 993). Nor do we discern any prejudice to Benetech by plaintiffs' delay in seeking approval. Plaintiff had yet to receive first-party benefits in excess of the $50,000 no-fault maximum, and Benetech retained the right to offset future benefits in excess of that threshold by the amount of plaintiff's net recovery (*see* Workers' Compensation Law § 29 [1-a], [4]; *Matter of Cosgrove v County of Ulster*, 51 AD3d at 1328; *Matter of Kesick v Ulster County Self Ins. Plan*, 245 AD2d 752, 753 [1997]; *compare Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d at 898).

Stein, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.