■ FIDELITY & GUARANTY INSURANCE COMPANY et al., Appellants, v GIACOMINO DIGIACOMO et al., Respondents. [3 NYS3d 384]—

In an action to recover on a Workers' Compensation lien, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 28, 2014, which denied their motion for summary judgment awarding them the sum of $123,442.47, constituting the net lien claimed by them, and granted the defendants' cross motion for judicial approval pursuant to Workers' Compensation Law § 29 (5) of a settlement of an action commenced by the defendant Giacomino DiGiacomo to recover damages against third parties.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion for summary judgment awarding them the sum of $123,442.47, constituting the net lien claimed by them, and substituting therefor a provision granting the plaintiffs' motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

On July 12, 2004, the defendant Giacomino DiGiacomo (hereinafter the claimant), an employee of Bed Bath & Beyond, sustained injuries during the course of his employment while loading merchandise into a freight elevator. In connection with this accident, Bed Bath & Beyond's Workers' Compensation carrier, the plaintiff Fidelity & Guarantee Insurance Company, paid more than $189,000 in claims through Sedgwick Claims Management Services, Inc. (hereinafter Sedgwick), which administered the Workers' Compensation policy.

In July 2005, the claimant commenced an action against third parties to recover damages for injuries incurred in the accident (hereinafter the underlying action). By letter dated May 5, 2008, Sedgwick asserted a continuing lien on any recovery from the third parties.

On May 5, 2009, the underlying action was settled for $2,050,000. In a letter dated that same day, the claimant and his attorney (hereinafter together the defendants) advised Sedgwick of the settlement and requested that Sedgwick put the plaintiffs' Workers' Compensation lien in writing. Sedgwick

did not respond to the defendants' letter until October 2009, when it demanded payment of a net lien of $123,442.47.

In May 2010, the plaintiffs commenced the instant action to recover on the lien. In their complaint, the plaintiffs asserted that pursuant to Workers' Compensation Law § 29 (5), the defendants were required to obtain either the plaintiffs' consent to the settlement or judicial approval of the settlement, and the failure to obtain consent or judicial approval "bars the party from further receipt of Workers' Compensation benefits." In their answer, the defendants asserted that the plaintiffs unreasonably refused to consent to the settlement.

In April 2011, the defendants moved in the underlying action to compel Sedgwick to consent to the settlement. In an order dated May 26, 2011, the Supreme Court, Suffolk County (Asher, J.), granted that motion without opposition. However, in March 2012, the plaintiffs successfully moved to vacate the order dated May 26, 2011, on the ground that Sedgwick was not the proper party to consent to the settlement.

After that motion was granted, the plaintiffs moved in the instant action for summary judgment awarding them the net amount of the lien, which they claimed amounted to $123,442.47, and the defendants cross-moved for judicial approval of the settlement. In support of their cross motion, the defendants argued that judicial approval or consent was not required, because the settlement was not for less than the Workers' Compensation benefits received. In the alternative, the defendants asserted that judicial approval of the settlement should be granted because the amount of the settlement was reasonable, the delay was the result of the fact that approval was granted in 2011 without opposition, and later vacated, and the plaintiffs were not prejudiced by the delay. The defendants argued that the claimant could not receive a permanent partial disability classification from the Workers' Compensation Board until the settlement was approved. The defendants further argued that summary judgment with respect to the lien was premature, because a permanent partial disability classification would affect the amount of the lien.

In the order appealed from, the Supreme Court granted judicial approval of the settlement in view of the "magnitude of the settlement recovery relative to" the benefits paid, and the absence of foreseeable prejudice to the plaintiffs. The court denied the plaintiffs' motion for summary judgment.

Workers' Compensation Law § 29 (5) provides, in pertinent part:

"*A compromise of any such cause of action by the employee or*

*his dependents at an amount less than the compensation provided for by this chapter* shall be made only with the written approval of . . . the person, association, corporation, or insurance carrier liable to pay the same. However, written approval . . . need not be obtained if the employee or his dependents obtain a compromise order from a justice of the court in which the third-party action was pending. . . .

"If the third-party action is on trial at the time the offer of settlement which is acceptable to the plaintiff, is made and either such written approval or order as provided in this subdivision is required, the action may be marked settled subject to the securing of such written approval or such order. If such written approval or such order is not subsequently secured within three months the action shall be restored to the head of the trial day calendar" (emphasis added).

Section 29 (5) was enacted to protect an insurance carrier from paying a deficiency between the settlement and the amount paid to the injured party (*see O'Brien v Lodi*, 246 NY 46, 51 [1927]). As originally enacted, the provision required the consent of the insurance carrier. However, "in many instances, the carrier arbitrarily refused to give its consent to a proposed settlement regardless of how fair or generous the proposal might have been," prompting the Legislature to amend the provision to provide that consent need not be obtained where there is judicial approval of the settlement (*Matter of Nachison v Phoenix of Hartford Ins. Co.*, 30 AD2d 499, 501-502 [1968]; *see* L 1966, ch 840).

Although there is case law which indicates that approval pursuant to Workers' Compensation Law § 29 (5) is not required if the amount of Workers' Compensation benefits received is less than the amount of the settlement (*see Matter of Williams v Orange & Sullivan Excavating Corp.*, 114 AD3d 802 [2014]; *Matter of Jackson v City of New York*, 70 AD3d 694 [2010]; *McComber v Lehrer McGovern Bovis, Inc.*, 28 AD3d 402 [2006]), the Court of Appeals has held that even where the settlement constitutes 100% of the policy limits, approval pursuant to Workers' Compensation Law § 29 (5) is required in order for the claimant to continue to receive Workers' Compensation benefits in the future (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 20 [1994]; *see also Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 993 [2001]). Any settlement is potentially less than the benefits provided by the Workers' Compensation Law (*see* 1-7 New York Workers' Compensation Handbook § 7.01 [5] [2014]), especially where, as here, the claimant is seeking a permanent partial

disability classification from the Workers' Compensation Board, which could mean that he would be entitled to benefits indefinitely.

"[A] judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even where the application for approval is sought more than three months after the date of settlement, provided that the employee can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the employee's fault or neglect, and (3) the insurance carrier was not prejudiced by the delay" (*Matter of Williams v Orange & Sullivan Excavating Corp.*, 114 AD3d at 803; *see Matter of Jackson v City of New York*, 70 AD3d at 695). In the instant case, the evidence indicates that the settlement was reasonable, and there was no indication that the plaintiffs were prejudiced by the settlement. Further, the delay was adequately explained. The initial delay was attributable to a lack of communication from Sedgwick as to the amount of the lien asserted (*see Matter of Wojciechowski v First Cardinal, LLC*, 79 AD3d 1487, 1488 [2010]), and further delay was attributable to the fact that there was confusion as to whether consent was required because the amount of benefits already received was significantly less than the amount of the settlement (*see Oga v Loh*, 603 F Supp 1354, 1357 [SD NY 1985]). In 2011, the defendants were granted relief against Sedgwick, compelling it to consent to the settlement, but Sedgwick was not authorized by the other plaintiffs to consent to the settlement, so relief had to be sought yet again.

The question of whether to grant approval of a settlement is committed to the sound discretion of the Supreme Court (*see Matter of Jackson v City of New York*, 70 AD3d 694 [2010]). In the instant case, the Supreme Court providently exercised its discretion when it granted approval of the settlement.

However, the plaintiffs are entitled to summary judgment awarding them the sum of $123,442.47, constituting the net lien claimed by them, as they established their entitlement to judgment as a matter of law in that amount. In opposition, the defendants failed to raise a triable issue of fact. Further, in their opposition papers the defendants contended that the plaintiffs' motion for summary judgment was premature, since, if the claimant receives a partial disability classification from the Workers' Compensation Board, the plaintiffs may be liable for an additional equitable share of the litigation costs incurred by the claimant in the underlying action, as additional benefits accrue (*see Matter of Kelly v State Ins. Fund*, 60 NY2d 131

[1983]; *Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d 22, 27 [2011]). However, the amount of that obligation is speculative, and does not affect the plaintiffs' ability to recover the net amount of the lien for benefits already paid (*see Burns v Varriale*, 9 NY3d 207, 210 [2007]).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.