■ In the Matter of ANTHONY RUSSO, Respondent, v NEW HAMPSHIRE INSURANCE Co. et al., Appellants. [21 NYS3d 141]—

In a proceeding pursuant to Workers' Compensation Law § 29 (5), in effect, for judicial approval of a settlement nunc pro tunc, New Hampshire Insurance Co., AIG Claims, Inc., and Sedgwick Claims Management Services, Inc., appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered October 1, 2014, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On July 30, 2012, the petitioner was injured in an automobile accident during the course of his employment. Workers' Compensation benefits were paid by the petitioner's employer's compensation carrier, the appellants, New Hampshire Insurance Co., AIG Claims, Inc., and Sedgwick Claims Management Services, Inc. (hereinafter collectively the carrier). At the time of the accident, the vehicle which struck the petitioner's vehicle allegedly was insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm) pursuant to a policy with a bodily injury liability limit of $25,000 per person. No ac-

tion was commenced against the owner or operator of the vehicle that struck the petitioner. At some point, State Farm tendered the $25,000 policy to the petitioner, which the petitioner accepted without obtaining the consent of the carrier. In June 2014, the petitioner commenced this proceeding, in effect, for judicial approval of the settlement nunc pro tunc. In the order appealed from, the Supreme Court granted the petition. We reverse.

Pursuant to Workers' Compensation Law § 29 (5), "an employee may settle a lawsuit arising out of the same incident as his or her Workers' Compensation claim for less than the amount of compensation he or she has received only if the employee has obtained either written consent to the settlement from the compensation carrier, or judicial approval within three months after the case has been settled" (*Matter of Williams v Orange & Sullivan Excavating Corp.*, 114 AD3d 802, 803 [2014]; *see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]). However, where, as here, no third-party action was ever commenced on the claim to which the settlement relates, the Supreme Court is without authority to grant a petition pursuant to Workers' Compensation Law § 29 (5) to approve a settlement nunc pro tunc (*see Matter of Cruz v First Cardinal Corp.*, 273 AD2d 233 [2000]; *Kosiorek v University of Rochester*, 152 AD2d 927 [1989]; *Matter of Gherghi v Hereford Ins. Co.*, 37 Misc 3d 1215[A], 2012 NY Slip Op 52041[U] [Sup Ct, Queens County 2012]; *Matter of DeRosa v Aetna Cas. & Sur. Co.*, 186 Misc 2d 87, 92 [Sup Ct, Broome County 2000]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.

In light of our determination, we need not reach the parties' remaining contentions. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.