This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 177
Ace Fire Underwriters Insurance
Company, &c.,
            Appellant,
        v.
Special Funds Conservation
Committee,
            Respondent.


            Lisa Levine, for appellant.
            Jill B. Singer, for respondent.


MEMORANDUM:

        The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.

        A Coca-Cola Bottling Company employee sustained a work-related injury in March 2007 and was awarded workers'

- 1 -

compensation benefits.  The benefits are payable by petitioner Ace Fire Underwriters Insurance Co. (Ace Fire), Coca-Cola's workers' compensation insurance carrier.

The employee was classified as having a permanent partial disability and the Workers' Compensation Board held that his claim was subject to Workers' Compensation Law § 15 (8). Under that provision, when an employee with a preexisting permanent physical injury sustains a compensable work-related injury that leads to a permanent disability significantly greater than that which would have resulted from the subsequent injury alone, the Special Disability Fund is responsible for reimbursing the workers' compensation carrier for all medical and compensation benefits payable after the first 260 weeks of disability (see Workers' Compensation Law § 15 [8] [d]).  Section 15 (8) was intended to encourage employers to hire disabled employees (see Workers' Compensation Law § 15 [8] [a]).

Based on section 15 (8), the injured employee's workers' compensation benefits in this case were, to the extent payable after the first 260 weeks of disability, reimbursable by the Special Disability Fund.  In addition to receiving workers' compensation benefits, the injured employee commenced a third-party personal injury action in Supreme Court.  As relevant here, under Workers' Compensation Law § 29 (1), if the injured employee elects to bring a third-party action, "the person, association, corporation or insurance carrier" that is liable for workers'

compensation and medical expenses is entitled to "a lien on the proceeds of any recovery" in the third-party action, less reasonable and necessary expenses.  The "recovery shall be deemed for the benefit of such . . . person, association, corporation or carrier," to the extent of the amount payable by the lienor (Workers' Compensation Law § 29 [1]).

The same statute further provides that, when the third-party settlement is in an amount less than the benefits payable to the injured employee, it "shall be made only . . . with the written approval of the person, association, corporation, or insurance carrier liable to pay the same" (Workers' Compensation Law § 29 [5]).  However, such written approval "need not be obtained if the employee . . . obtain[s] a compromise order from a justice of the court in which the third-party action was pending" (Workers' Compensation Law § 29 [5]).  In other words, although the employee must obtain the written approval of the workers' compensation carrier prior to entering a settlement, the failure to do so can be cured by the court ordering the carrier's consent to the personal injury settlement, nunc pro tunc. Notably, neither section 29 (5) nor section 15 (8) specifically requires the carrier to obtain the Special Disability Fund's approval prior to agreeing to a third-party settlement.

Here, as required by section 29, the injured employee sought and obtained Ace Fire's approval prior to entering the settlement of the third-party action.  Ace Fire, however, did not

seek the Special Disability Fund's written approval prior to settlement. When Ace Fire sought the Special Disability Fund's retroactive consent, the Fund refused, asserting that Ace Fire had forfeited its right to reimbursement. Ace Fire then commenced this proceeding asking Supreme Court to compel the Special Disability Fund's consent nunc pro tunc under Workers' Compensation Law § 29 (5).

We have repeatedly recognized "that a statute . . . must be construed as a whole and that its various sections must be considered together and with reference to each other" (Matter of Shannon, 25 NY3d 345, 351 [2015] [quotation marks and citations omitted]). The language in section 29 (1) establishing what entities may be deemed lienors is essentially identical to the language in section 29 (5) referring to the entities whose consent to settlement is required and, if not obtained, can be compelled upon application to the court -- i.e., the "person, association, corporation, or insurance carrier liable to pay" compensation benefits. Here, the parties do not dispute that the consent of the Special Disability Fund to settlement of the employee's third party action was required. Thus, assuming, for purposes of this appeal, that the Special Disability Fund is a lienor whose consent to settlement is required under Workers' Compensation Law § 29 (1), we conclude that the carrier may seek to obtain the Fund's consent from Supreme Court nunc pro tunc under section 29 (5). There is no principled basis for

concluding that the Special Disability Fund's consent is required as a lienor under one portion of the statute, but that the failure to obtain it cannot be cured, as it can for other lienors, under the same statute.

* * * * * * * * * * * * * * * * *

Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided November 22, 2016