Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm. (2018 NY Slip Op 05037)





Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm.


2018 NY Slip Op 05037


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02851
 (Index No. 13302/12)

[*1]In the Matter of Empire State Transportation Workers' Compensation Trust, etc., respondent, 
v
Special Funds Conservation Committee, appellant.


Steven M. Licht, Albany, NY (Jill B. Singer of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset, NY (Lisa Levine of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of a settlement of a claimant's personal injury action nunc pro tunc, the Special Funds Conservation Committee appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered December 3, 2015. The order granted the petition and, in effect, directed the Special Funds Conservation Committee to consent, nunc pro tunc, to the settlement of the personal injury action.
ORDERED that the order is affirmed, with costs.
In November 2010, Licinio Marrero's claim for workers' compensation benefits was approved upon a determination that he sustained a permanent partial disability. In January 2012, after obtaining the consent of his workers' compensation insurance carrier, Marrero settled a personal injury action against the alleged tortfeasors. In a decision filed on April 3, 2012, the Workers' Compensation Board determined that the insurance carrier had waived its right to reimbursement by the Special Disability Fund because it had failed to obtain the consent to settle the action from the Special Funds Conservation Committee. In September 2012, the Special Funds Conservation Committee denied the insurance carrier's request for retroactive consent to the settlement.
In October 2012, the insurance carrier commenced this proceeding seeking to compel the Special Funds Conservation Committee to consent to the settlement, nunc pro tunc, pursuant to Workers' Compensation Law § 29(5). In an order dated April 5, 2013, the Supreme Court denied the petition, concluding, in effect, that it lacked discretion to judicially compel such consent. In our decision on a prior appeal, we held that the Supreme Court has the discretion to compel nunc pro tunc consent to a settlement pursuant to Workers' Compensation Law § 29(5) (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 125 AD3d 967, 968; see also Ace Fire Underwriters Ins. Co. v Special Funds Conservation Comm., 28 NY3d 1084, 1086-1087). Accordingly, we reversed the order dated April 5, 2013, and remitted the matter to the Supreme Court, Nassau County, for the court to determine, in its discretion, whether to issue an order, nunc pro tunc, directing the Special Funds Conservation Committee to consent to the settlement of the personal injury action (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Committee, 125 AD3d at 968-969).
Upon remittitur, after the parties submitted additional papers, the Supreme Court [*2]granted the petition and, in effect, directed the Special Funds Conservation Committee to consent, nunc pro tunc, to the settlement of the personal injury action. The Special Funds Conservation Committee appeals.
Where a party is seeking to compel nunc pro tunc consent to a settlement pursuant to Worker's Compensation Law § 29(5), the party must demonstrate that the compromise is reasonable, the delay in seeking approval was not attributable to the party's fault or neglect, and the party whose consent is sought was not prejudiced by the delay (see Lobban v Brown, 125 AD3d 612, 613; Matter of Williams v Orange & Sullivan Excavating Corp., 114 AD3d 802, 803; Furtado v Mario's Bakery, 17 AD3d 527, 528). Resolution of a petition for judicial approval of a settlement is committed to the sound discretion of the Supreme Court (see Matter of Jackson v City of New York, 70 AD3d 694, 695).
Here, the evidence demonstrates that the settlement was reasonable (see Humphries v Consolidated Edison Co. of NY Inc., 106 AD3d 634, 634; Matter of Cosgrove v County of Ulster, 51 AD3d 1326, 1328), the delay was adequately explained (see Fidelity & Guar. Ins. Co. v DiGiacomo, 125 AD3d 596, 599; Matter of Wojciechowski v First Cardinal, LLC, 79 AD3d 1487, 1488), and the record is devoid of any evidence that the Special Disability Fund was prejudiced by the settlement (see Lindberg v Ross, 105 AD3d 1186, 1188; Matter of Cosgrove v County of Ulster, 51 AD3d at 1328; Neblett v Davis, 260 AD2d 559, 560). The remaining contention of the Special Funds Conservation Committee is without merit. Accordingly, the Supreme Court providently exercised its discretion in granting the petition and, in effect, directing the Special Funds Conservation Committee to consent, nunc pro tunc, to the settlement of the personal injury action (see Lindberg v Ross, 105 AD3d at 1187-1188; Hargrove v Becom Real, 287 AD2d 598, 598; Matter of Stiffen v CNA Ins. Cos., 282 AD2d 991, 993).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court