■ MICHAEL WISEBERG et al., Respondents, v DOUGLAS ELLIMAN-GIBBONS AND IVES, INC., et al., Appellants. [638 NYS2d 82] —Order and judgment (one paper) of the Supreme Court, New York County (Jane Solomon, J.), entered on or about June 29, 1995, which granted plaintiffs' motion to set aside the damages portion of the verdict and directed a new trial on dam-

ages, is unanimously reversed, on the law and facts, the motion denied and the verdict reinstated, without costs or disbursements.

Each of plaintiffs' contentions regarding damages, including permanency of the injuries and the degree of alleged disability, was challenged at trial by defendants' medical experts. Since the credibility of witnesses and the resolution of conflicting testimony are proper matters for determination by the jury (*Swensson v New York, Albany Desp. Co.*, 309 NY 497, 505), the jury's verdict, which awarded damages for pain and suffering and lost earnings but did not award damages for future pain and suffering, was not against the weight of the evidence. While the trial court has the power to set aside the jury's verdict if contrary to the weight of the evidence (CPLR 4404 [a]), the court must first conclude "that the jury could not have reached its verdict on any fair interpretation of the evidence" (*Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643). However, on the evidence herein, it was an abuse of discretion for the trial court to reach this conclusion and grant the motion to set aside the damages portion of the verdict, and we accordingly reverse and reinstate the verdict. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.