■ ANN M. DIAZ, Appellant, v WEST 197TH STREET REALTY CORP., Respondent. (And a Third-Party Action.) [736 NYS2d 361] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about April 11, 2001, which granted defendant's cross motion to set aside the jury verdict rendered against it and remanded the matter for a new trial, unanimously modified, on the law and the facts, to reinstate the jury's verdict on liability, and to order a new trial on damages for past and future pain and suffering only, and otherwise affirmed, unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to a reduction in the award of $5.5 million for past pain and suffering to $900,000, and a reduction of the award of $2.75 million for future pain and suffering to $450,000.

Plaintiff, a 31-year-old United States Postal worker, slipped and fell in the lobby of a building owned by defendant West 197th Street Realty Corp. (owner), after a tenant of the building, third party defendant Eileen Lynch (Lynch), spilled detergent in the lobby. Lynch had informed the superintendent that she spilled liquid detergent on the first floor of the building, near the elevator. Plaintiff's complaint alleged that the owner failed to keep the premises clean and free from a dangerous condition, despite having had actual notice of such condition. Defendant moved for summary judgment, which was denied, and we affirmed this determination (*Diaz v West 197th St. Realty Corp.*, 269 AD2d 327). Defendant then instituted a third-party action against Lynch. When Lynch failed to respond, a default judgment was entered against her.

At trial, Lynch testified that she has epilepsy, that she was in her building, on her way back upstairs from doing laundry, when she started to shake from her epilepsy, and that she spilled some detergent. Lynch stated that she immediately returned to her apartment, took her medicine, then notified the superintendent of the building. This all occurred within approximately 25 minutes. The superintendent conceded that rather than immediately tending to the spill, he continued to eat his lunch. He testified that he sent his wife to take care of the detergent.

Plaintiff testified that pursuant to Postal Academy training, she did a safety check of the lobby as she entered, and that she fell while walking backwards, pulling her cart, in the dimly lit lobby. Plaintiff was not wearing her glasses, but she testified that she did not need them to deliver the mail. Plaintiff did not see anything on the floor before she fell, but when she was on the ground she realized that she was sitting in liquid detergent. While the superintendent's daughter attempted to help her, his wife began mopping the floor.

The jury charge included an instruction that since Lynch had defaulted, her liability had been established and was not in question. The jury nonetheless found the defendant owner 100% liable for plaintiff's injuries, awarding plaintiff $9,924,606, including $5.5 million for past pain and suffering, $2.75 million for future pain and suffering, $74,606 for past loss of earnings, and $1.6 million for future loss of earnings.

Plaintiff moved to amend the complaint to conform to the proof by increasing the ad damnum clause. Defendant cross-moved to set aside the verdict, pursuant to CPLR 4404, on the grounds that the jury failed to apportion liability in accordance with the court's instructions and that the verdict was excessive.

The court granted defendant's cross motion, and remanded the matter for a new trial on liability and damages.

On appeal, plaintiff argues that the court erred in ruling that the jury could not apportion 100% liability to the owner and that the verdict on liability is in accordance with the weight of the evidence. We agree with both of these contentions (*see, Parra v Ardmore Mgt. Co.*, 258 AD2d 267, *lv denied* 93 NY2d 805). Although Lynch's default constituted an admission of the allegations in the third-party complaint, it was a concession of liability, but not damages (*Christian v Hashmet Mgt. Corp.*, 189 AD2d 597; *see, Dole v Dow Chem. Co.*, 30 NY2d 143, 153 [acknowledging possibility of no apportionment between defendant and third-party defendant]). The jury's verdict finding the owner 100% liable for plaintiff's injuries was based upon a fair interpretation of the evidence (*Mazariegos v New York City Tr. Auth.*, 230 AD2d 608). Lynch testified that she notified the superintendent of the spilled detergent in the lobby, but he continued eating his lunch rather than mopping up the spill, or even placing cones in the lobby. Although Lynch conceded that it took her about 25 minutes to notify the super about the spill, the jury may have determined that this was a reasonable delay, given that her epilepsy required that she go to her apartment to take medicine before going to the super's apartment. Similarly, the jury's determination to credit plaintiff's testimony that she was not responsible for her injuries is supported by the evidence (*id.*). Plaintiff testified that she followed Post Office procedure in examining and maneuvering her cart, and that she did not need her glasses to deliver the mail.

However, defendant correctly contends that the pain and suffering award deviated materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]). Plaintiff's medical expert testified that she suffered a herniated disc and a fracture of the transverse process. She underwent spinal fusion surgery, with introfixation rods and screws, as well as a bone graft. Plaintiff testified that her pain had not substantially eased since her surgery. Because the jury's awards of $5.5 million for past pain and suffering and $2.75 million for future pain and suffering were grossly disproportionate to awards in factually analogous cases, we reduce them to $900,000 for past pain and suffering and $450,000 for future pain and suffering (*Rountree v Manhatan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, *lv denied* 94 NY2d 754; *Adams v Romero*, 227 AD2d 292).

However, we decline to disturb that portion of the jury's

verdict awarding plaintiff $74,606 for past loss of earnings, and $1.6 million for future loss of earnings. The expert's calculations were supported by the record (*see, Nevarez v New York City Health & Hosps. Corp.*, 248 AD2d 307). To the extent that the cumulative award exceeds the $3 million set forth in the ad damnum clause, we exercise our authority pursuant to CPLR 3025 (c) to conform the pleadings to the proof. Concur—Williams, J.P., Mazzarelli, Rosenberger, Rubin and Buckley, JJ.