■ Lisa A. Lewis, Respondent, v Port Authority of New York and New Jersey et al., Appellants. Port Authority of New York and New Jersey et al., Third-Party Plaintiffs-Respondents-Appellants. David A. Simmons, Third-Party Defendant-Appellant-Respondent. [779 NYS2d 479]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 31, 2003, awarding plaintiff damages

upon a jury verdict, inter alia, apportioning fault 60% against defendants the Port Authority of New York and New Jersey and Granville Peart and 40% against third-party defendant, and awarding plaintiff damages of $1.5 million for past pain and suffering and $3 million for future pain and suffering, unanimously modified, on the law and the facts, to vacate the pain and suffering awards and order a new trial on damages for past and future pain and suffering only, and otherwise affirmed, without costs, unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to a reduction of the award for past pain and suffering to $500,000 and a reduction of the award for future pain and suffering to $1,000,000 and to entry of an amended judgment in accordance therewith.

The evidence, fairly interpreted, permitted the jury to apportion responsibility for the subject automobile accident as it did, particularly since assigning fault depended in large measure on credibility assessments (see Wiseberg v Douglas Elliman-Gibbons & Ives, Inc., 224 AD2d 361, 362 [1996]).

Defendants were not deprived of a fair trial or of the opportunity to present a defense by the conduct of the trial court. Although the court conducted the trial assertively and frequently interrupted witness examinations, the record discloses that its interventions were properly directed at clarifying the testimony and expediting the proceedings (see Delcor Labs., Inc. v Cosmair, Inc., 263 AD2d 402 [1999], lv denied 94 NY2d 761 [2000]; cf. Campbell v Rogers & Wells, 218 AD2d 576 [1995]). The court also properly exercised its discretion in limiting the testimony of defendants' experts to matters detailed in the expert disclosure reports (see CPLR 3101 [d] [1]).

The awards for past and future pain and suffering, however, deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]). Although plaintiff underwent fusion surgery to repair the sacroiliac joint injury she sustained in the accident, experienced and continues to experience pain in her back, hip and legs, and has suffered emotional sequellae from the accident and the lifestyle limitations dictated by her injuries, the awards of $1.5 million for past pain and suffering and $3 million for future pain and suffering are disproportionate (see Amonbea v Perry Beverage Distribs., Inc., 294 AD2d 285 [2002]; Valentin v City of New York, 293 AD2d 313 [2002]; Diaz v West 197th St. Realty Corp., 290 AD2d 310 [2002], lv denied 98 NY2d 603 [2002]). Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ.