OPINION OF THE COURT
Louis B. York, J.
Verdict after Trial
After a trial on damages, the court having previously awarded plaintiff summary judgment on liability, the jury made the following award:
1. past pain and suffering.......................................$250,000
2. past lost earnings.....................................................77,400
3. future medical expenses........................................207,400
4. future lost earnings (over 21 years).....................327,600
5. future pain and suffering (over 41 years)............410,000
6. past loss of services to plaintiff wife....................175,000
7. future loss of services to plaintiff wife.................205,000
Past medical expenses were agreed to by stipulation in the sum of $49,330.69.
Posttrial Motions
Plaintiff now moves for an upward modification of the award for past and future pain and suffering and future lost earnings or to set aside the verdict and order a new trial on the grounds that the award was against the weight of the credible evidence and deviates materially from what would be reasonable compensation. The defendants cross-move for a downward modification or setting aside the verdict awarded to plaintiff wife for loss of services on the ground that it was a material deviation from reasonable compensation and differs materially from what would be considered reasonable compensation.
Evidence
Plaintiff was an employee performing demolition work for a hotel when he fell over 15 feet from a scaffold to a cement floor. Plaintiff submitted evidence showing spinal compression fractures at LI and L2, a compression fracture at T12, a com-minuted fracture at L4, compromise of the spinal canal, lumbrosacral radiculopathy at L3 and a fracture at C7. There was also a disc herniation at L4-L5. Evidence was also introduced *887 regarding traumatic arthritis. There was also evidence of diminished muscle bulk in the right thigh with diminished sensation, lower back pain, sensory deficit and an abnormal walk.
Plaintiff was hospitalized at Bellevue for about a month. The first surgery, from which he awoke in much pain, took 12 hours. The next day he was told and eventually had a second surgery.
The defendants concede the compression fractures and the comminuted fracture, and dispute only the herniated disc.
Plaintiff testified to intense rehabilitation while in the hospital, and after discharge he underwent physical therapy.
At the time of the trial, he was 34 years old and had two children.
He testified that he did construction and carpentry work, having gut rehabbed his upstairs apartment in a building he owned. Eventually, he and his coplaintiff wife had to give up that apartment and moved to a smaller apartment on the ground floor because of the difficulty plaintiff had in walking up and down the stairs. He and his wife testified to his inability to engage in such activities as bike riding, other recreational activities, and his diminished ability to run and play with his children. His sexual relations with his wife have been severely curtailed.
The defendants established that he had not been on any prescription or pain medication for nearly two years. There had been a mistrial previously as one of the jurors had observed the plaintiff walking toward the subway, slowly but steadily, without his cane. That juror testified in the current trial about this observation.
In a single terse paragraph, plaintiff challenges the award for lost earnings of $327,600 for 21 years or until he reached age 54 as inadequate, claiming inconsistency with the work-life expectancy testified to by the plaintiffs economist, who projected lost earnings until age 65 or the judge’s projection a working life until age 60 from the government tables in the Pattern Jury Instructions.
Plaintiffs wife testified that before the accident they would do the house cleaning and cooking together. Before the accident they had bought a house and he did a gut renovation of their apartment almost single-handedly. She helped him finish the wood floor and stated that she enjoyed it and had fun doing it with her husband. Eventually, they had to move down to a *888 smaller apartment on the first floor so that plaintiff would not have to walk up any stairs. It was a smaller apartment and, because plaintiff could no longer engage in renovation work, it is not nearly as attractive as the other apartment. As previously pointed out, their sexual relations considerably diminished after the accident. Plaintiff wife testified that now she does the bulk of the driving.
Discussion of Law
Pursuant to CPLR 5501 (c), the court is empowered to set aside the verdict on damages on the ground that the verdict deviates “materially from what would be reasonable compensation” unless, as in the plaintiffs’ case, the defendants are willing to stipulate to increase the amount of damages or, as in the defendants’ motion, the plaintiffs agree to decrease the amount of damages. In making a determination of what is a material deviation, the courts regularly compare the jury’s damages award to the awards in other cases of similarly injured persons (Rountree v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 324, 328 [1st Dept 1999]; Adams v Georgian Motel Corp., 291 AD2d 760, 762 [3d Dept 2002]).
Because reasonable compensation is an approximation of community standards and the community in this case is Manhattan, this court will follow the decisions of the Appellate Division, First Department. That is because that Court, of all the Appellate Divisions, most closely reflects local community standards of what would be reasonable compensation (and because it is that Court which in all likelihood will be the final arbiter of the issues before this court).
In Roshwalb v Regency Mar. Corp. (182 AD2d 401 [1st Dept 1992]), a 63-year-old woman’s award for past and future pain and suffering of $750,000 for a comminuted fracture of the elbow was not considered excessive. Plaintiff is 34 years old, 29 years younger and suffering from much more extensive injuries.
A 2002 decision in Diaz v West 197th St. Realty Corp. (290 AD2d 310 [1st Dept 2002]) reduced a multimillion dollar award to a postal worker to $900,000 for past pain and suffering and $450,000 for future pain and suffering. Evidence in that case showed that she had a herniated disc and a fracture of the transverse process. She had spinal fusion surgery with rods and screws and testified that her pain had not significantly been reduced since her surgery. It appears that plaintiff’s three fractures, two surgeries as well as a herniated disc, etc., were even more serious.
*889 In Lewis v Port Auth. of N.Y. & N.J. (8 AD3d 205 [1st Dept 2004]), plaintiff was subjected to fusion surgery for a sacroiliac joint, pain in her back hip and legs, and has resulting emotional distress as well as in the Court’s words “lifestyle limitations.” The Court reduced the award to $500,000 for past pain and suffering and reduced the verdict for future pain and suffering to $1,000,000.
Decision
After reviewing the above cases, this court is of the opinion that plaintiff’s damages should be increased to $900,000 for past pain and suffering and to $800,000 for future pain and suffering.
The parties have offered little guidance as to plaintiff’s request for an increase in lost earnings. Plaintiff argues that the jury had no valid basis for awarding plaintiff only 21 years of future lost earnings when plaintiffs expert and the PJI tables for work-life expectancy project many more years of working life. Plaintiff offers no authorities or other guidelines for the court to consider, especially since the charges, which were not challenged, instructed that the jury should only use the tables as a guideline. They had the option of awarding more or less years of work-life expectancy; while they must consider an expert’s opinion, they are not bound by it. Nor does the court have any basis to second-guess the jury’s implicit determination that plaintiff’s future income, had he not become disabled, would have amounted to $15,000 per year. It is noted that he lacked education and was unskilled beyond his working knowledge of the construction industry.
The defendants merely present one Second Department case as justification for the downward modification of plaintiff wife’s awards for loss of the services and society of her husband. It is well known that the Second Department’s view on damages does not reflect the standards of this community. Second Department reductions are notoriously lower than the amounts the First Department usually awards. The plaintiffs have furnished the court with only one decision also, but at least it is a First Department case: Parris v Shared Equities Co. (281 AD2d 174 [1st Dept 2001]). There, the award was reduced to $200,000 for past loss of services and $100,000 for future lost services. That total award of $300,000 for loss of services does not deviate materially from the award of $380,000 in the instant action. Nevertheless, the decision does not speak about the services the *890 husband rendered before the accident and what he rendered afterward. Nor does it discuss the effect on their social and sexual lives. Consequently, there is very little basis for comparison. Defendants have the burden of proof on this issue and they have failed to carry it. The only approach left to the court is to leave that portion of the verdict exactly as the jury rendered it.
Order
Accordingly, it is ordered that:
1. the jury award for past and future pain and suffering is vacated unless defendants stipulate to increase it to $900,000 for past pain and suffering and $800,000 for future pain and suffering;
2. the portion of plaintiffs’ motion for an upward modification of the award for future lost earnings is denied;
3. the defendants’ cross motion for a downward modification of the award to plaintiffs wife for loss of services is denied.