■ MAREK SZPAKOWSKI et al., Respondents, v SHELBY REALTY, LLC, Respondent-Appellant, and FORTHRIGHT DEVELOPMENT COMPANY, LLC, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) [851 NYS2d 487]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered August 15, 2007, after a jury verdict as modified by the court, awarding plaintiffs a principal sum in excess of $2 million, unanimously reversed, on the law, without costs, and the matter remanded for a collateral source hearing. Appeals from order, same court (Diane Lebedeff, J.), entered April 19,

2004, which granted plaintiff partial summary judgment as to liability and summary judgment to defendant Shelby on its cross claim for common-law indemnification; order, same court (Louis B. York, J.), entered October 25, 2005, which granted plaintiffs' additur motion; order, same court and Justice, entered June 18, 2007, which denied defendants' request for a collateral source hearing, and order, same court and Justice, entered January 11, 2007, which denied defendant Forthright's motion to amend its answer, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs met their initial burden on their motion for summary judgment by producing evidence that the defective wood planking of the scaffold had collapsed. In opposition, defendants failed to raise a triable issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Although this plaintiff, a crew supervisor, knew the scaffold was defective, defendants had been informed of the defective condition well before the accident and failed to cure it, taking no steps to prevent this worker and others from using the scaffolding until the condition was remedied. Under these circumstances, the injured plaintiff was not the sole proximate cause of his accident, and partial summary judgment was properly granted to plaintiffs as to liability on the Labor Law § 240 (1) claim (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]).

The evidence that defendant Forthright was authorized to direct workers during the construction project, and that he negotiated with and hired subcontractors and oversaw construction progress, was sufficient to hold it liable as a general contractor under section 240 (1) (*see Thompson v St. Charles Condominiums*, 303 AD2d 152, 155 [2003], *lv dismissed* 100 NY2d 556 [2003]; *Kenny v. Fuller Co.*, 87 AD2d 183 [1982]). The court properly granted defendant Shelby summary judgment on its common-law indemnification claim against Forthright (*see Felker v Corning Inc.*, 90 NY2d 219 [1997]).

Having reviewed the evidence regarding the injuries, as well as prior decisions from this Court involving comparable injuries (*see e.g. Lewis v Port Auth. of N.Y. & N.J.*, 8 AD3d 205 [2004]; *Diaz v West 197th St. Realty Corp.*, 290 AD2d 310 [2002], *lv denied* 98 NY2d 603 [2002]), we conclude that the trial court did not improvidently grant plaintiffs' motion for additur of the damages for past and future pain and suffering.

Due to ambiguity in a stipulation adopted by order of the trial court, and because an application for a collateral source hearing

is generally timely if made prior to the entry of judgment (*Wooten v State of New York*, 302 AD2d 70 [2002], *lv denied* 1 NY3d 501 [2003]), we conclude that the court improvidently denied defendant Shelby's request for a collateral source hearing.

Defendant Forthright's post-verdict request to amend its answer was properly denied as untimely and prejudicial. Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ. [*See* 15 Misc 3d 1146(A), 2007 NY Slip Op 51186(U).]