■ Philip Medina, Appellant, v Patrick Phillips et al., Defendants. First Cardinal Corporation, LLC, Nonparty Respondent. [930 NYS2d 570]—

On October 10, 2007, plaintiff Philip Medina was injured in a motor vehicle accident during the course of his employment as an ambulance driver with Shiva Ambulette Service, when the vehicle he was operating was struck by a vehicle operated and owned by defendants. Plaintiff commenced a personal injury action against defendants, alleging, inter alia, that as a result of the accident, he suffered a "serious injury," as defined by Insurance Law § 5102 (d). On or about October 3, 2008, plaintiff entered into a settlement of the underlying action with defendants in the amount of $20,000. Until that date, he had been receiving workers' compensation benefits from his workers' compensation carrier, nonparty respondent First Cardinal Corporation, LLC.

The court erroneously denied plaintiff's request for a nunc pro tunc order granting him a right-to-settle letter from First Cardinal. "A judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even in cases where the approval is sought more than three months after the date of the settlement, provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay" (*Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]).

The record does not show that the delay in obtaining approval was attributable to the fault or neglect of plaintiff; indeed, the record supports the conclusion that First Cardinal "unwittingly lulled [plaintiff] into believing that it was willing to waive [plaintiff's] failure to obtain timely consent or court approval of the settlement" (*Stiffen*, 282 AD2d at 993). The record indicates that plaintiff brought the application shortly after the August 26, 2009 denial of benefits, and that First Cardinal was aware of the facts and circumstances surrounding the settlement and plaintiff's medical condition. The record further indicates that in October 2008, plaintiff attempted to obtain a consent-to-settle letter from First Cardinal, but that said letter never arrived although duly requested. Upon plaintiff's further request, in February 2009, the carrier assured plaintiff that a letter would be issued upon receipt of the necessary information. Although on February 2 and February 9, 2009, plaintiff's attorney

furnished the carrier with plaintiff's medical records and information concerning the automobile liability coverage and insurance claim, no letter was ever issued. Notwithstanding its communication with plaintiff concerning the information necessary to issue the consent-to-settle letter, First Cardinal had already, by application dated January 25, 2009, sought to terminate plaintiff's workers' compensation benefits due to plaintiff's failure to seek approval of the settlement of the underlying action.

Moreover, First Cardinal suffered no demonstrable prejudice as a result of the delay. Workers' Compensation Law § 29 (1) authorizes an employee who is "injured or killed by the negligence or wrong of another not in the same employ" to "pursue his remedy against such other" while also accepting workers' compensation and medical benefits. In such a case, the insurance carrier liable for the payment of such compensation "shall have a lien on the proceeds of any recovery from such other" (*id.*). The carrier, however, "shall not have a lien on the proceeds of any recovery . . . for compensation and/or medical benefits paid which were in lieu of first party benefits which another insurer would have otherwise been obligated to pay under [the No-Fault Law]" (Workers' Compensation Law § 29 [1-a]). First-party benefits are defined as payments of up to $50,000 for "basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle," including lost earnings and medical expenses (*see* Insurance Law § 5102 [a], [b]). To date, only $19,034.77 has been disbursed by First Cardinal to plaintiff, leaving more than $30,000 in available benefits remaining before the insurer would be entitled to assert a lien against the proceeds recovered by plaintiff in the underlying action.

Section 29 (5) of the Workers' Compensation Law does not distinguish between those instances in which an employer or carrier has both an existing lien and prospective offset rights at the time of settlement and a case, like this one, where the carrier possesses only future offset rights (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273 [2006]). Nevertheless, it is difficult for First Cardinal to assert prejudice resulting from nunc pro tunc issuance of a consent-to-settle order where the actual denial of workers' compensation benefits occurred on August 29, 2009, the benefits paid on plaintiff's behalf are substantially below the statutory $50,000 cap, and the record indicates that due to the nature of plaintiff's injuries, benefits are unlikely ever to exceed the cap. Indeed, the carrier's own chiropractic examiner assessed plaintiff as having only resolved strains and sprains, and, on April 14, 2008, pronounced plaintiff

ready to return to work without restriction and with no need for further treatment.

Finally, although the issue was not raised by First Cardinal in opposition to plaintiff's motion, we find that the amount of the settlement is fair and reasonable in light of plaintiff's injuries. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.