Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 4, 2012, which, among other things, granted petitioner’s motion to approve, nunc pro tunc, settlements previously entered into between petitioner and four nonparties (defendants in the underlying class action asbestos litigation), and directed petitioner’s counsel to amend the caption to reflect the substitution of the estate of the deceased as petitioner, unanimously affirmed, with costs.
The court properly granted a nunc pro tunc substitution of petitioner, where she had been appointed executor of decedent’s estate shortly after his death, retained the same counsel, and actively participated in the litigation before the Workers’ Compensation Board and the court (cf. Griffin v Manning, 36 AD3d 530, 532 [1st Dept 2007]).
The court properly approved, nunc pro tunc, the previously agreed-upon settlements with the four entities. Petitioner demonstrated that the settlement amounts were reasonable in light of the limited resources and uncertain liability of the entities; that she was not dilatory, since she had no reason to seek court approval of the settlements until after the Workers’ Compensation Board determined that respondent Con Edison’s consent had not been obtained; and that Con Edison was not prejudiced (see Medina v Phillips, 88 AD3d 524, 525 [1st Dept 2011]).
We have considered Con Edison’s remaining contentions and find them unavailing. Concur—Acosta, J.E, Renwick, Richter and Feinman, JJ.