■ In the Matter of EMPIRE STATE TRANSPORTATION WORKERS' COMPENSATION TRUST, Appellant, v SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. [5 NYS3d 193]—

In a proceeding pursuant to Workers' Compensation Law § 29 (5) for judicial approval of a settlement of a claimant's personal injury action nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated April 5, 2013, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On March 22, 2007, the claimant, Licinio Marrero, sustained injuries when he was assaulted during the course of his employment with Dak Transportation. Marrero's claim for workers' compensation benefits was approved upon a determination that he sustained a permanent partial disability. Liability under Workers' Compensation Law § 15 (8) (d) also was established. That statute entitles a workers' compensation insurance carrier or a self-insured employer to certain reimbursement from the Special Disability Fund established pursuant to Workers' Compensation Law § 15 (8) (h).

Thereafter, Marrero commenced a personal injury action against the person who assaulted him and that person's employer. On or about November 3, 2011, the parties settled the personal injury action for $100,000. As required by Workers' Compensation Law § 29 (5), Marrero obtained consent to the settlement from Dak Transportation's workers' compensation insurance carrier. He did not, however, obtain the consent of the Special Funds Conservation Committee, and Dak Transportation's carrier did not obtain the consent of the Special Funds Conservation Committee.

Where, as here, the liability of the Special Disability Fund is established prior to settlement of a personal injury action, the insurance carrier waives its right to reimbursement by the Special Disability Fund if the consent of the Special Funds Conservation Committee to the settlement is not obtained (*see Matter of Catapano v Jow, Inc.*, 91 AD3d 1018 [2012]). Here, the insurance carrier failed to timely obtain the consent of the Special Funds Conservation Committee. The carrier's request to the Special Funds Conservation Committee for its retroactive consent to the settlement was denied on the ground that the carrier's failure to timely obtain consent forfeited the carrier's right to reimbursement from the Special Disability Fund under Workers' Compensation Law § 15 (8).

Thereafter, the carrier commenced this proceeding seeking to compel the Special Funds Conservation Committee to consent to the settlement, nunc pro tunc, pursuant to Workers' Compensation Law § 29 (5). The Supreme Court denied the carrier's petition, concluding, in effect, that it lacked discretion to judicially compel such consent.

The Workers' Compensation Board has previously determined that where, as here, a carrier failed to timely obtain consent of the Special Funds Conservation Committee to settlement of a personal injury action, the carrier may still obtain reimbursement from the Special Disability Fund, but only if it obtains a nunc pro tunc order from a court directing the Special Funds Conservation Committee to consent (*see Matter of Saks Inc.*, 2012 WL 4846825, *1, 2012 NY Wrk Comp LEXIS 11851, *3 [WCB No. 0052 1114, Oct. 10, 2012]; *see also Matter of Eden II*, 2008 WL 2221709, *2, 2008 NY Wrk Comp LEXIS 4785, *4 [WCB No. 0954 3622, May 19, 2008]; *cf. Matter of MABSTOA*, 2003 WL 134665, *2, 2003 NY Wrk Comp LEXIS 77783, *4 [WCB No. 0927 5173, Jan. 13, 2003]). A request to compel nunc pro tunc consent to a settlement is addressed to the discretion of the Supreme Court (*see Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897, 898 [1998]). In seeking a discretionary nunc pro tunc order from a court directing consent to settlement, a petitioner must first establish that (1) the delay in seeking judicial relief was not caused by the petitioner's fault or neglect; (2) the amount of the settlement was reasonable; and (3) the party whose consent is sought was not prejudiced by the delay (*see Matter of Lautenschuetz v AP Greene Indus., Inc.*, 48 AD3d 948, 950 [2008]).

Here, because the Supreme Court erroneously believed that it had no power to issue a nunc pro tunc order directing the Special Funds Conservation Committee to consent to settle-

ment, it did not exercise its discretion. Accordingly, we remit the matter to the Supreme Court, Nassau County, for the court to determine, in its discretion, whether to issue an order, nunc pro tunc, directing the Special Funds Conservation Committee to consent to the settlement of the personal injury action. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.