■ DAVID AMACIO, Appellant, v STATE OF NEW YORK, Defendant. PMA MANAGEMENT CORP., Nonparty Respondent. [15 NYS3d 10]—

Order of the Court of Claims of the State of New York (David A. Weinstein, J.), entered April 2, 2014, which denied claimant David Amacio' s motion for an order approving the settlement of a claim nunc pro tunc under Workers' Compensation Law § 29 (5), unanimously reversed, on the law and the facts, without costs, and the petition granted.

In 1998, claimant sustained serious back injuries during the course of his employment, eventually requiring spinal fusion surgery. The work-related accident occurred on property owned by the State of New York. In March 1999, claimant began receiving worker's compensation benefits from his employer's insurance carrier, Reliance Insurance, Inc. (Reliance). Claimant also commenced a third-party tort action against the State of New York.

On June 19, 2000, the tort action was settled for $800,000. During their discussion of the settlement with the court, counsel for both parties revealed that they agreed that the settlement included a waiver of a lien for accrued workers' compensation benefits that totaled $71,000, and that claimant would continue to receive worker's compensation benefits for his work-related disability. However, the insurance carrier, Reliance, which was not present at the settlement conference, had not been informed of the settlement.

Upon learning of the settlement in or about August 2000, Reliance informed the Worker's Compensation Law Judge (WCLJ) that nobody had procured its consent to the settlement of the third-party tort action. By a decision dated October 12,

2000, the WCLJ directed Reliance to continue the worker's compensation benefits, upon a finding that claimant was permanently partially disabled as a result of the work-related accident. Thereafter, Reliance continued making payments without objection including after the workers' compensation hearings in February 2002, July 2002, October 2005, and May 2006. Reliance eventually went bankrupt, and claimant continued receiving benefits through a third-party administrator on behalf of New York State's Liquidation Bureau.

In April 2008, after nearly eight years of ongoing workers' compensation benefits, the Liquidation Bureau sought to offset the workers' compensation benefits against claimant's net proceeds from the settlement of the third-party tort action with the State. In October 2008, the WCLJ issued a decision finding that the insurance carrier waived its right to an offset of claimant's third-party recovery against the continuing workers' compensation award. In the same month, however, the Workers' Compensation Board Panel (Board Panel) reversed the WCLJ's waiver determination. The Board also suspended claimant's benefits. In March 2011, the Appellate Division, Third Department affirmed the Board Panel's determination (*Matter of Amacio v Tully Constr.*, 82 AD3d 1371 [3d Dept 2011]).

On January 25, 2012, about 10 months after the Third Department's decision, claimant submitted a petition in Kings County Supreme Court, seeking an order approving nunc pro tunc the settlement of the third-party tort action. The application was denied on procedural grounds, having being filed in the incorrect court. In October, 2013, claimant moved before the Court of Claims to approve nunc pro tunc the settlement of the third-party tort action. The Court of Claims denied the application solely on the ground that claimant failed to provide a reasonable excuse for the delay in submitting the application. Claimant appealed.

We now reverse. The Court of Claims erroneously denied claimant's request for the application for a nunc pro tunc order. " 'A judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even in cases where the approval is sought more than three months after the date of the settlement, provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay' " (*Medina v Phillips*, 88 AD3d 524, 525 [1st Dept 2011], quoting *Matter of Stiffen v CNA Ins. Cos.*, 282

AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]; *see also Matter of Cosgrove v County of Ulster*, 51 AD3d 1326 [3d Dept 2008]).

In our view, claimant satisfied all three requirements. The record does not show that the delay in obtaining approval was attributable solely to the fault or neglect of claimant; indeed, the record supports the conclusion that the carrier "unwittingly lulled [claimant] into believing that it was willing to waive [claimant's] failure to obtain timely consent or court approval of the settlement" (*Stiffen*, 282 AD2d at 993). In fact, the carrier made payments to claimant for eight years without objection, after it was made aware of the facts and circumstances surrounding the settlement and claimant's medical condition.

Moreover, respondent, the Liquidation Bureau, suffered no demonstrable prejudice as a result of any delay attributable to claimant. Insofar as claimant delayed in seeking judicial approval after the Third Department's decision, compensation payments were suspended by the Board Panel, and the Liquidation Bureau still would be entitled to offset any future compensation by the amount of claimant's net recovery (*Neblett v Davis*, 260 AD2d 559 [2d Dept 1999]).

Finally, we find that the amount of the settlement is fair and reasonable in light of claimant's injuries. Contrary to respondent's contention, the documentary evidence submitted in support of the application permits a determination that the $800,000 settlement was reasonable. Specifically, the medical records and the Workers' Compensation Board's decisions show that claimant was standing on a divider protector next to a water hose pouring cement when a motor vehicle struck the hose running under his legs and pulled him up, causing him to land four or five feet down on his back on hard concrete, resulting in the need for spinal fusion surgery and permanent and partial disability. Jury awards in cases with similar injuries show that the $800,000 settlement was not unreasonable (*see e.g. Lewis v Port Auth. of N.Y. & N.J.*, 8 AD3d 205 [1st Dept 2004] [$500,000 for past pain and suffering and $1,000,000 for future pain and suffering was reasonable, where plaintiff underwent fusion surgery, experienced and continues to experience pain, and has suffered lifestyle limitations]; *Diaz v West 197th St. Realty Corp.*, 290 AD2d 310, 312 [1st Dept 2002] [$900,000 for past pain and suffering and $450,000 for future pain and suffering reasonable for a herniated disc, fracture, and spinal fusion surgery], *lv denied* 98 NY2d 603 [2002]).

Under the circumstances, we conclude that the Court of

Claims abused its discretion in denying the application (*see Medina v Phillips*, 88 AD3d at 525-526; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 993). The Liquidation Bureau's remaining contentions have been considered and found to be unavailing. Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.