Register v SAS Morrison LLC (2020 NY Slip Op 07683)





Register v SAS Morrison LLC


2020 NY Slip Op 07683


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 303391/14 Appeal No. 12603-12603A Case No. 2019-03324, 2019-03325 

[*1]Angelina Register, Plaintiff-Respondent,
v
SAS Morrison LLC, Defendant, G&M Properties HP Housing Development Fund Company, Inc., et al., Defendants-Appellants.


Faegre Drinker Biddle & Reath LLP, New York (Marsha J. Indych of counsel) and Faegre Drinker Biddle & Reath, Florham Park, NJ (Kenneth J. Wilbur of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered July 9, 2019, upon a jury verdict apportioning fault and awarding plaintiff damages, and order, same court (Fernando Tapia, J.), entered on or about November 22, 2019, which denied defendants G&M Properties HP Housing Development Fund Company, Inc., G&M Realty I LLC, and TPM Management, LLC's (appellants) motion to set aside the verdict, unanimously modified, on the facts, the award for future medical expenses reduced to $2,644,513, the award for future pain and suffering reduced to $2,000,000, and otherwise affirmed. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to recover money damages for personal injuries that she sustained when part of her apartment ceiling collapsed on her, as a result of which she sustained tendon and ligament tears in her right ankle, herniated discs that required a two-day spinal fusion surgery, and pain and limitation of movement. Defendant SAS Morrison LLC (SAS) owned plaintiff's apartment building until six days before her accident, at which time appellants assumed ownership of the building. At trial, plaintiff sought to establish that SAS and appellants were, in effect, alter egos of one another, so as to impute to appellants SAS's notice of the injury-causing defective condition in plaintiff's apartment. After trial, the jury apportioned fault 1% to SAS and 99% to appellants and awarded plaintiff $1 million for past pain and suffering, $6 million for future pain and suffering, and $7 million for future medical expenses.
Defendants did not move for a mistrial on the basis of plaintiff's counsel's conduct at trial. Accordingly, our review of the trial court's exercise of its discretion under CPLR 4404(a) in denying defendants' motion to set aside the verdict is limited (CPLR 4017; see also Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]). Some of plaintiff's counsel's comments were unnecessarily inflammatory, including describing individual members of defendants as having a "disgusting" attitude and alluding to their wealth. Nevertheless, assuming, as we must, that "the Judge who presides at trial is in the best position to evaluate errors therein," (Smith, 151 AD3d at 62 [internal quotation marks and citation omitted]), we cannot say, on this record, that the court's denial of defendants' motion on that basis was an abuse of discretion (id. at 63). We note that the trial court imposed corrective measures to which defendants did not object (see Hancock v 330 Hull Realty Corp., 225 AD2d 365 [1st Dept 1996]).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (Angel R. ex rel. Virginia D. v New York City Tr. Auth., 139 AD3d 590, 590 [1st Dept 2016]). Here, the jury's apportionment of fault was not against the weight of the evidence, which supports a [*2]finding that appellants were aware of the dangerous condition in plaintiff's apartment even before they purchased the building and could reasonably have cured it within six days.
The award for past pain and suffering is not excessive and is supported by the evidence (see e.g. Amacio v State of New York, 130 AD3d 549, 551 [1st Dept 2015] [$800,000 settlement not unreasonable where claimant's back injuries "result[ed] in the need for spinal fusion surgery and permanent and partial disability"]; Diaz v West 197th St. Realty Corp., 290 AD2d 310 [1st Dept 2002], lv denied 98 NY2d 603 [2002] [$900,000 for past pain and suffering for herniated disc requiring spinal fusion surgery]).
However, the awards for future medical expenses and future pain and suffering were excessive. The future medical expense award should be reduced to $2,644,513. The bulk of the future medical expenses totaling $2,978,906 listed in plaintiff's supplemental bill of particulars and based on her expert's report, were supported by the testimony and evidence at trial. However, there was inadequate support in the record for $334,393 for clinical psychologist services and for the inflated estimates of the cost of other future medical expenses as testified to at trial (see Rivera v City of New York, 293 AD2d 383, 383 [1st Dept 2002] [award must be "supported by a fair interpretation of the expert testimony and . . . not deviate materially from what is reasonable compensation under the circumstances"]).
Similarly, the future pain and suffering award should be reduced to $2,000,000 (see e.g. Mata v City of New York, 124 AD3d 466, 467 [1st Dept 2015] [$3.5 million award for future pain and suffering reduced to $2 million where plaintiff suffered injuries to wrist, requiring arthroscopic surgery, and to spine, requiring laminectomy with fusion surgery]; Stewart v New York City Tr. Auth., 82 AD3d 438, 440-441 [1st Dept 2011], lv denied 17 NY3d 712 [2011] [$2.7 million for future pain and suffering affirmed where plaintiff suffered contusion of cervical spine and compression fractures of thoracic spine, requiring laminectomies and fusions with insertions of metal plates, screws, and struts, followed by extensive physical therapy and rehabilitation]).
We have considered defendants' remaining claims and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020