Matter of NYAHSA Servs., Inc. v Special Funds Group (2024 NY Slip Op 06200)

Matter of NYAHSA Servs., Inc. v Special Funds Group

2024 NY Slip Op 06200

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-00964
 (Index No. 513800/20)

[*1]In the Matter of NYAHSA Services, Inc., etc., appellant,
v
Special Funds Group, respondent.

Stewart, Greenblatt, Manning & Baez, Syosset, NY (Lisa Levine of counsel), for appellant.
Kevin J. Rumsey, Schenectady, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of a settlement of a personal injury action nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 21, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the petition is granted, and the Special Funds Group is directed to consent to the settlement of the personal injury action nunc pro tunc.
On August 16, 2001, Karen DiNoia sustained personal injuries when she was involved in a motor vehicle accident during the course of her employment with St. Patrick's Nursing Home. DiNoia's claim for workers' compensation benefits was approved upon a determination that she sustained a permanent partial disability. Liability under Workers' Compensation Law § 15(8)(d) also was established. That statute entitles a workers' compensation insurance carrier or a self-insured employer to certain reimbursement from the Special Disability Fund established pursuant to Workers' Compensation Law § 15(8)(h). The respondent, Special Funds Group, is the entity responsible for overseeing Workers' Compensation Law § 15(8) cases (see Matter of Wolkiewicz v Lincare Holdings Inc., 185 AD3d 1334, 1334).
In January 2002, DiNoia commenced a personal injury action (hereinafter the third-party personal injury action). In December 2005, DiNoia settled the third-party personal injury action for $400,000. As required by Workers' Compensation Law § 29(5), DiNoia obtained the consent to the settlement of the petitioner, the workers' compensation insurance carrier of St. Patrick's Nursing Home. However, DiNoia did not obtain the consent of the Special Funds Group. The petitioner wrote to the Special Funds Group on or around November 21, 2005, requesting its consent to the settlement, but the Special Funds Group did not respond to the request and did not voice any objections to the settlement or seek to be discharged at the resulting workers' compensation hearing conducted on April 25, 2006, regarding the petitioner's consent to the settlement. At a workers' compensation hearing conducted on April 4, 2020, an administrative law judge determined, inter alia, that despite the objection of the Special Funds Group, the petitioner would seek judicial approval compelling the Special Funds Group's consent to the settlement nunc [*2]pro tunc.
Thereafter, the petitioner commenced this proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of the settlement of the third-party personal injury action nunc pro tunc. The Supreme Court denied the petition and, in effect, dismissed the proceeding, based upon its determination that the petitioner failed to submit as part of the petition, among other things, "an affidavit from a physician, the nature and extent of the damages sustained, details of medical expenses incurred, the total amount of wages lost, and the present physical condition of the claimant" as required by Workers' Compensation Law § 29(5). The petitioner appeals.
"Where, as here, the liability of the Special Disability Fund is established prior to settlement of a personal injury action, the insurance carrier waives its right to reimbursement by the Special Disability Fund if the consent of the Special Funds [Group] to the settlement is not obtained" (Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 125 AD3d 967, 968). However, under such circumstances, the insurance carrier may still obtain reimbursement from the Special Disability Fund but only if the insurance carrier obtains a nunc pro tunc order from a court directing the Special Funds Group to consent (see id.). "A request to compel nunc pro tunc consent to a settlement is addressed to the discretion of the Supreme Court" (id.). "In seeking a discretionary nunc pro tunc order from a court directing consent to settlement, a petitioner must first establish that (1) the delay in seeking judicial relief was not caused by the petitioner's fault or neglect; (2) the amount of the settlement was reasonable; and (3) the party whose consent is sought was not prejudiced by the delay" (id.; see Matter of Delessio v York Risk Servs. Group, Inc., 214 AD3d 796, 798).
Here, contrary to the Supreme Court's determination, the evidence demonstrates that the settlement was reasonable (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 163 AD3d 558, 560; Humphries v Consolidated Edison Co. of NY Inc., 106 AD3d 634, 634; Matter of Cosgrove v County of Ulster, 51 AD3d 1326, 1328) and the delay did not result from the petitioner's fault or neglect (see Medina v Phillips, 88 AD3d 524; Matter of Cosgrove v County of Ulster, 51 AD3d at 1327; Matter of Stiffen v CNA Ins. Cos., 282 AD2d 991). The record is also devoid of any evidence that the Special Funds Group was prejudiced by the settlement (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 163 AD3d at 560; Lindberg v Ross, 105 AD3d 1186, 1188; Matter of Cosgrove v County of Ulster, 51 AD3d at 1328; Neblett v Davis, 260 AD2d 559, 560). Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court