**Torres v Gleason Ave. Assoc., LLC**

2025 NY Slip Op 35175(U)

December 9, 2025

Supreme Court, Bronx County

Docket Number: Index No. 30560/2020E

Judge: Paul L. Alpert

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.



SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY: PART 26

---------------------------------------------------------------------------X

MICHAEL TORRES,

                       Plaintiff,

            - v -

GLEASON AVENUE ASSOCIATES, LLC, GILMAN
MANAGEMENT CORP.

                 Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 30560/2020E |
| MOTION DATE | 04/29/2025 |
| MOTION SEQ. NO. | 3 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 3) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106
were read on this motion to/for                    JUDGMENT - SUMMARY

The plaintiff commenced this action for personal injuries following a slip and fall that took place on August 10, 2020. The plaintiff, Michael Torres, alleges that he slipped and fell as he was descending the staircase between the second and third floors within the premises located at 1990 Gleason Avenue, Bronx, New York. The plaintiff now moves for summary judgment pursuant to CPLR 3212 on the issue of liability. The defendants oppose the motion and cross-move for summary judgment. The plaintiff opposes the cross-motion.

The plaintiff's accident occurred between 6:00 p.m. and 7:30 p.m. (Plaintiffs motion, Exhibit D, page 12 line 23- page 13 line 4). At the time of the accident, Mr. Torres was exiting his apartment on the fifth floor (page 13 lines 13-19). Mr. Torres was going down the stairs between the third and second floors when his accident occurred. As he turned from the half landing to go towards the second floor, he slipped and banged his head. Mr. Torres subsequently lost consciousness (page 18 line 23- page 19 line 6). When he got to the third floor, he noticed

30560/2020E  TORRES, MICHAEL vs. GLEASON AVENUE ASSOCIATES, LLC
Motion No.  3

Page 1 of 5

1 of 5

[* 1]

that the floors were wet (page 21 lines 9-17). He noted that the floors had a shine (page 21 lines 18-20). There were no wet floor signs (page 24 lines 11-14).

A party seeking summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law by proffering sufficient evidence to demonstrate the absence of any material issue of fact (*Alvarez v. Prospect Hospital*, 68 NY2d 320). Once the proponent of a motion for summary judgment meets this burden it is incumbent upon the party opposing the motion to submit proof in admissible form that an issue of fact exists which necessitates a trial (*Zuckerman v. City of New York*, 49 NY2d 557). The courts function on a motion for summary judgment is issue finding and not issue determination *(Sillman v. Twentieth Century Fox Film Corp.*, 3 NY2d 395). Summary judgment is a drastic remedy that deprives the litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (see *Assaf v. Ropog Cab Corp.*, 153 AD2d 520). Summary judgment will only be granted if there are no material, triable issues of fact (see *Sillman supra*). Failure of the movant to sustain its burden requires denial of the motion, regardless of the sufficiency of the opposition (*Winegrad v. New York Univ. Med Center*, 64 NY2d 851).

The plaintiff argues that he is entitled to summary judgment on the issue of liability because the First Department has ruled that a plaintiff is entitled to summary judgment when a defendant mops an area and does not place any warning signs in the area (see *Chavez v. Prana Holding Co. LLC*, 200 AD3d 449). In support of this argument, the plaintiff relies on the testimony of Carmen Moscat. Ms. Moscat was employed as a porter in 2020 with Gilman Management Corp. (see Exhibit F, page 18 lines 3-5). As a porter, she would sweep and take

30560/2020E  TORRES, MICHAEL vs. GLEASON AVENUE ASSOCIATES, LLC
Motion No.  3

Page 2 of 5

[* 2]

care of the garbage (page 18 lines 15-25). She additionally cleaned the building with a mop at least twice a week (page 19 lines 2-7). In August of 2020, Ms. Moscat would work from Monday through Saturday for about six hours per day from about 7:00 to 1:00 depending on how dirty the premises was (page 19 line 21- page 20 line 6). The latest she would work would be 2:00 p.m. (page 21 lines 7-10). On the date of the plaintiffs accident, Ms. Moscat went upstairs at 4:00 p.m. (page 51 lines 12-16). On the fourth floor she noticed a pink sticky substance that was going down the stairs (page 53 lines 3-10). The sticky substance went all the way to the second floor (page 54 lines 2-5). Ms. Moscat mopped from the fourth floor hallway and the staircase from the fourth floor to the third floor (page 81 lines 8-14). Ms. Moscat did not mop the landing between third and fourth floor where it was not dirty (page 82 lines 7-11). When Mr. Torres' accident occurred, Ms. Moscat was in the lobby (page 74 lines 20-23). After she heard him fall she saw the plaintiff on the ground on the second floor landing and saw blood from the back of his head (page 94 line 4- page 96 line 16).

Ms. Moscat places warning signs when she starts sweeping at 8:00 and she removes the signa when she thinks everything is dry (page 86 lines 10-18). When she started mopping the pink substance, the only signs that she used that day were the signs that she placed before cleaning downstairs by the lobby (page 89 lines 2-7). She only used two signs that afternoon when she was mopping the pink substance (page 89 lines 8-11). The two signs were placed in the lobby and in the landing on the first floor (page 89 lines 12-15). When she mopped, Ms. Moscat did not use any liquid in the area other than water (page 92 lines 6- 15).

In support of the motion, the plaintiff relies on *Chavez v. Prana Holding Co. LLC.*, 200 AD3d 449. In *Chavez*, the plaintiff relied on her affidavit demonstrating that she fell and noticed the staircase was wet and looked as though it had been recently mopped and that there were no

30560/2020E  TORRES, MICHAEL vs. GLEASON AVENUE ASSOCIATES, LLC          Page 3 of 5
Motion No. 3

[* 3]                                    3 of 5

wet floor signs. The plaintiff then observed the superintendent standing at the top of the staircase. Under the facts as presented, the First Department found that the plaintiff established that the defendants were negligent and affirmed the lower courts decision awarding summary judgment to the plaintiff on the issue of liability.

However, this case is distinct from the facts as presented in *Chavez*, as the testimony does not establish that Ms. Moscat mopped the stairs immediately prior to the plaintiff's accident. The plaintiff's accident occurred between 6:00 p.m. and 7:30 p.m. Ms. Moscat testified that she began an inspection within the premises at 4:00 p.m. (page 51 lines 12-16). She testified that the inspection took fifteen minutes on the left side of the building (page 51 line 21- page 52 line 3). When she went to the right side of the building she went upstairs when she noticed something sticky on the fourth floor (page 52 lines 11-21). When asked about the time she first observed the pinky sticky substance she testified that she noticed it when she went from the left side to the right side of the building at around 4:15 p.m. before she went to get her mop (page 55 lines 2-10). Moreover, Ms. Moscat testified that she saw that the floor was dry where Mr. Torres fell and she does not know what caused it (page 98 lines 11-18).

There remains an issue of fact as to the condition of the stairs at the time of the accident as Ms. Moscat first noticed the condition at around 4:15 p.m. during her inspection whereas the plaintiff's accident occurred much later between 6:00 p.m. and 7:30 p.m. Moreover, the credibility of witnesses and the resolution of conflicting testimony are to be determined by the jury (*Wiseburg v. Douglass Elliman-Gibbons and Ives*, 224 AD2d 361). There remain triable issues of fact for a jury to decide. Accordingly, the plaintiff's motion for summary judgment is denied.

30560/2020E  TORRES, MICHAEL vs. GLEASON AVENUE ASSOCIATES, LLC
Motion No.  3

Page 4 of 5

[* 4]

The defendants cross move for summary judgment on the issue of comparative fault. The defendants rely on the plaintiffs testimony that he noticed a "shine" on the floor and admitted that he did not use the handrails. The defendants further rely on the testimony by Ms. Moscat that she told Mr. Torres to be careful. This argument is unavailing. There is nothing in the record to conclusively establish that Mr. Torres's conduct was the primary factor in causing his accident. The issue of whether the plaintiff was comparatively at fault is a question for the jury. Accordingly, the defendants cross-motion is denied.

Based on the foregoing, it is hereby:

ORDERED AND ADJUDGED, that the plaintiff's motion for summary judgment on the issue of liability is denied, and it is further,

ORDERED AND ADJUDGED, that the defendants cross motion is denied, and it is further,

ORDERED AND ADJUDGED, that the plaintiff shall serve a copy of this decision and order upon all parties within twenty (20) days of notice of entry.

This constitutes the decision and order of the court.

Dated: December 9, 2025

_____
Hon. Paul L. Alpert, J.S.C.

30560/2020E  TORRES, MICHAEL vs. GLEASON AVENUE ASSOCIATES, LLC        Page 5 of 5
Motion No. 3

[* 5]