■ ANTONIOS GABRIEL et al., Appellants-Respondents, v BOARD OF MANAGERS OF THE GALLERY HOUSE CONDOMINIUM, Respondent-Appellant. [15 NYS3d 1]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered on or about August 22, 2014, which denied plaintiffs tenants' motion for summary judgment, granted defendant condominium board's cross motion for summary judgment dismissing the complaint, and invalidated the $500/day fines imposed, unanimously modified, on the law, to grant plaintiffs' motion on the third and fourth causes of action and declare that the $500/day fines imposed are invalid, and to grant a permanent injunction enjoining the board from imposing such fines, to grant plaintiff's motion on the first cause of action to the extent of declaring that the portion of the rental and guest policy precluding plaintiffs from leasing their apartments for a period greater than one year is unenforceable, to

deny defendant's motion for summary judgment as to the first, third and fourth causes of action, and otherwise affirmed, without costs. Appeal from interim order, same court and Justice, entered on or about July 24, 2014, unanimously dismissed, without costs, as superseded by the order entered on or about August 22, 2014.

Plaintiffs' challenges to defendant Board's 2005 house rules, including its prohibition on subletting, and its 2007 rental and guest policy are barred by the six-year statute of limitations for commencing a declaratory judgment action (*see* CPLR 213 [1]; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 815 [2003], *cert denied* 540 US 1017 [2003]). Plaintiffs' argument that the limitations period began to run anew each time the guest policy was amended, based on the continuing wrong doctrine, is unavailing under the circumstances of this case (*cf. Kaymakcian v Board of Mgrs. of Charles House Condominium*, 49 AD3d 407, 407-408 [1st Dept 2008] [breach of fiduciary duty claim not time-barred where, pursuant to bylaws, board had continuing duty to repair certain common elements that were source of recurring leaks and failure to do so constituted continuing wrong]).

Contrary to the Board's argument, and the motion court's finding, the February 2014 amendment requiring that leases be limited to no more than one year does not constitute mere clarification of the bylaws. Rather, it amends the permitted use of plaintiffs' units. The only restriction in the bylaws regarding an owner's use of the apartment is that it cannot be used for transient tenancy. The Board failed to offer any explanation as to how requiring leases not to exceed one year is in keeping with the prohibition on transient tenancies.

Although the Board's authority to impose fines is within its power to implement rules and regulations as provided in the bylaws (*see Board of Mgrs. of Plymouth Vil. Condominium v Mahaney*, 272 AD2d 283 [2d Dept 2000]), the imposition of fines in the amount of $500 per day for violations of the guest policy is confiscatory in nature (*see Sandra's Jewel Box v 401 Hotel*, 273 AD2d 1, 3 [1st Dept 2000]). The Board cites no persuasive authority to support the imposition of such a hefty fine. The cases it cites are distinguishable since they involve the imposition of administrative fees and nominal fines for a resident's noncompliance with certain rules (*see e.g. Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508 [2d Dept 1989]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.