ANGEL R., an Infant, by His Mother and Natural Guardian, VIRGINIA D., et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [33 NYS3d 25]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 22, 2014, after a jury trial, in favor of plaintiff Angel Ramos, unanimously affirmed, without costs.

Plaintiffs brought this suit to recover damages for personal injuries sustained by the infant plaintiff (plaintiff) on December 18, 2009, when, as a pedestrian, he was involved in an accident with a bus owned by defendants. While plaintiffs contended that plaintiff had been struck by the bus, defendants claimed that he had walked into the side of the bus, causing its tire to run over his foot. The case was tried before a jury, which rendered a verdict in plaintiff's favor. On this appeal, defendants argue that the verdict finding them liable was legally insufficient and against the weight of the evidence. At the very least, defendants argue that the jury's verdict, that plaintiff's negligence was not a proximate cause of the accident, is against the weight of the evidence, mandating a new trial. Alternatively, defendants argue that the damages awarded for future pain and suffering were excessive. We find that none of defendants' arguments have any merit.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big v Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [2d Dept 1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d at 133).

Applying these principles to the facts in this case, we find that the verdict was supported by a fair interpretation of the evidence, and it was not contrary to the weight of the evidence. The jury did find that plaintiff was contributorily negligent based on his testimony that he emerged mid-block from behind a bus to cross Westchester Avenue in the Bronx. However, the jury could have reasonably inferred that plaintiff's negligence

was not a proximate cause of the accident because the bus driver had a clear view of plaintiff and an opportunity to stop the bus to avoid striking plaintiff.

The evidence shows that plaintiff suffered traumatic brain injury to the left side of the brain, which impaired plaintiff's cognitive functions. In addition, plaintiff suffered fractures of the third and fourth metatarsal in his left foot and degloving of that foot, which crushed tendons, bones and muscles, and amputation of the left little toe and partial amputation of the left big toe, which caused limitation of function of plaintiff's foot. Accordingly, we find that the damage award for future pain and suffering does not materially deviate from what is reasonable compensation under the circumstances (CPLR 5501 [c]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.