■ MARY BETH CORDERO, Respondent, v SAMMI YEUNG, D.D.S., et al., Appellants. [38 NYS3d 427]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about January 6, 2016, which granted plaintiff's posttrial motion to set aside the verdict and ordered a new trial, unanimously reversed, on the law and the facts, and the jury verdict reinstated. Appeal from interim order, same court and Justice, entered July 28, 2015, unanimously dismissed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

On October 4, 2009, plaintiff Mary Beth Cordero presented to defendants Drs. Sammi and Michael Yeung's dental practice, Yeung's Dental, P.C. Two years later, in December 2011, a tumor (an ameloblastoma) was discovered in the lower left side of plaintiff's mouth. Plaintiff alleges that the tumor should have been detected on an October 2009 bitewing X ray taken at defendants' office.

At trial, the jury was presented with conflicting evidence with respect to whether there were sufficient grounds to investigate and take further X rays. It was further asked to determine the credibility of the defense expert, who plaintiff's trial counsel asserted lied about the issues in the case. The

jury's verdict implicitly rejected that contention, and resolved the conflicting testimony in defendants' favor. "[I]n the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [2d Dept 1985]), with "particular deference" accorded to jury verdicts "in favor of defendants in tort cases" (*Nicastro*, 113 AD2d at 134; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]).

Here, the verdict was based on a fair interpretation of the evidence and should not have been disturbed. Moreover, there was ample evidence by appellants' expert and other witnesses from which the jury could fairly infer that the radiolucent area was not detectable in 2009, but only seen in hindsight (*see Nguyen v Dorce*, 125 AD3d 571, 572 [1st Dept 2015]; *Fernandez v Moskowitz*, 85 AD3d 566, 568 [1st Dept 2011]).

The appeal from the interim order is dismissed as superseded by the order entered on or about January 6, 2016 (*see Gabriel v Board of Mgrs. of the Gallery House Condominium*, 130 AD3d 482, 483 [1st Dept 2015]). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.