■ A.C., an Infant by Her Mother and Natural Guardian, JOHANNY C., et al., Appellants, v GEORGES SYLVESTRE, M.D., et al., Respondents, et al., Defendant. [40 NYS3d 389]—

Order, Supreme Court, New York County (George J. Silver, J.), entered January 12, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against defendants Georges Sylvestre, M.D., and New York-Presbyterian Hospital-The University Hospital of Columbia and Cornell (NYPH), unanimously affirmed, without costs.

On May 10, 2010, plaintiff mother, who was then about 20 weeks pregnant, underwent an ultrasound at NYPH, and was examined by defendant Georges Sylvestre, M.D., at NYPH. The sonogram revealed, among other things, cervical incompetence—a cervix that dilates without uterine contractions, placing one at risk for, inter alia, preterm birth. Dr. Sylvestre assertedly did not offer to perform a cerclage, a surgery involving a stitch to keep the cervix closed, and prescribed her progesterone vaginal suppositories. The mother delivered the infant plaintiff at about 23 weeks and 4 days' gestation, and the infant suffers from severe brain injuries.

Defendants met their burden of showing that Dr. Sylvestre exercised his best judgment in prescribing progesterone, rather than performing the surgical cerclage procedure, through their expert's affirmation demonstrating that the mother was not a candidate for cerclage, and that progesterone had been cited with approval in peer reviewed studies as more effective than cerclage (see Nestorowich v Ricotta, 97 NY2d 393, 398 [2002]; Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]).

In opposition, plaintiffs failed to raise an issue of fact. Plaintiffs' expert opined that, pursuant to good and accepted obstetrical practices, there are two treatment options for cervical incompetency: expectant management with progesterone and serial ultrasounds, or placement of a cervical cerclage. Plaintiffs' expert further opined that cerclage is "preferable," but did not opine that Dr. Sylvestre departed from the standard of care in prescribing progesterone.

Absent any opinion by plaintiffs' expert that Dr. Sylvestre departed from the standard of care in prescribing progesterone, which the expert acknowledged was a medically acceptable treatment, plaintiffs did not raise an issue of fact as to the doctor's departure from the standard of care (see Ramos v Weber, 118 AD3d 408, 408-409 [1st Dept 2014], lv dismissed 26 NY3d 1127 [2016]; see generally Nestorowich, 97 NY2d at 398). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Webber, JJ.