■ DEBORAH HARTT, Appellant, v BARRY KRAMER, D.D.S., Respondent. [64 NYS3d 549]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 12, 2016, which, in this action alleging dental malpractice and lack of informed consent, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record shows that before meeting with defendant, plaintiff consulted another dental practice, which recommended that she address her issues through implant surgery, which would involve three separate procedures, including a sinus lift and bone graft, over the course of six months. Plaintiff then approached defendant for a second opinion, expressing to him, among other things, her fear of surgery. Defendant advised her of his opinion that implant surgery carries with it certain risks, and offered her a conservative treatment involving replacement of bridges, as well as cosmetic treatment.

Defendant established his entitlement to judgment as a matter of law by submitting evidence showing that he did not depart from good and accepted dental practices, and that he fully informed plaintiff of the risks and benefits of his conservative treatment and the implant surgery (see Public Health Law § 2805-d [1], [3]).

In opposition, plaintiff failed to raise a triable issue of fact. Although her expert opined that defendant should have advised plaintiff to undergo implant surgery because that was the best treatment available at the time, defendant's decision to offer plaintiff conservative treatment for her dental problems, rather than to advise her to undergo a surgery that another physician had already recommended, did not constitute malpractice, as his choice was one of "several medically acceptable treatment alternatives" (Nestorowich v Ricotta, 97 NY2d 393, 399 [2002] [internal quotation marks omitted]; see also A.C. v Sylvestre, 144 AD3d 417 [1st Dept 2016]). Concerning the informed consent cause of action, the opinion of plaintiff's expert that defendant misrepresented the risks of

surgery lacked support and failed to demonstrate whether any alleged misrepresentation proximately caused any alleged injury (*see Denis v Manhattanville Rehabilitation & Health Care Ctr., LLC*, 111 AD3d 406 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]). Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.