Lampkowski v Parra (2020 NY Slip Op 00508)





Lampkowski v Parra


2020 NY Slip Op 00508


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10864 805213/15

[*1] Henryk Lampkowski, Plaintiff-Appellant,
v
Raul Parra, M.D., et al., Defendants-Respondents.


Marzec Law Firm, PC, Brooklyn (Jerome Noll of counsel), for appellant.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 15, 2018, upon a jury verdict, in favor of defendants, unanimously affirmed, without costs.
Contrary to plaintiff's contention, the verdict was not against the weight of the evidence (see CPLR 4404[a]), and the evidence supports the jury's findings that defendant Dr. Parra did not depart from the applicable standard of care or fail to obtain informed consent from plaintiff in providing treatment for his prostate cancer. The trial court providently exercised its discretion in precluding plaintiff's expert from testifying about which treatment option should have been "recommended" to plaintiff, as this is not a proper basis for either a lack of informed consent claim (see Public Health Law § 2805-d), or a medical malpractice claim. Further, an expert's testimony that one treatment option is preferable does not establish that a doctor deviated from the standard of care in following a different medically accepted treatment (see A.C. v Sylvestre, 144 AD3d 417, 418 [1st Dept 2016]). Accordingly, we find no basis for setting aside the jury's verdict, which is accorded deference (see Cordero v Yeung, 143 AD3d 472, 473 [1st Dept 2016]; see also Angel R. v New York City Tr. Auth., 139 AD3d 590 [1st Dept 2016], lv denied 28 NY3d 909 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK